GREEN, Treasurer of Fayette County, and Others *v.* BEESON and Others.

TURNPIKE.—*Act of* 1865.—*Length of Road.*—A turnpike company organized under the act of March 6th, 1865, must make at least five miles of road; and this requirement is not fulfilled by supplying a deficiency by the acquisition, by purchase or otherwise, of a road already made.

SAME.—*County Commissioners.*—The Board of County Commissioners cannot relieve the company from this requirement, and any attempt to do so is a nullity.

SAME.—*Injunction.*—If such a route is designated in its organization that less than five miles of road is to be made, the company has no power to do anything; and the collection of taxes for the construction of the road may be enjoined.

SAME—*Estoppel.*—A signer of the petition to the County Commissioners for the organization of such a pretended corporation, who has not become a member of it, is not estopped from denying the legality of the organization in a suit to enjoin the collection of such taxes.

APPEAL from the Wayne Common Pleas.

This was a suit by the appellees against the appellants to enjoin the collection of taxes assessed against the plaintiffs for the construction of a turnpike under the act of March 6th, 1865.

The substantial averments of the complaint are set forth in the opinion.

The defendants answered in three paragraphs:

First, the general denial.

Second, that the Bentonville and Lockwood Turnpike

Company is a body corporate, organized under the act of March 6th, 1865, and amendatory acts, by virtue of the power and authority granted by the Boards of Commissioners of Wayne and Fayette counties, to construct a road five miles in length; that the one mile of said road mentioned in the complaint as belonging to the Milton and Rushville Turnpike Company was released by the latter company and abandoned by its stockholders to the former company, and, by such release and abandonment and the permission and order of the Boards of Commissioners of Wayne and Fayette counties, became a part of the road of said Bentonville and Lockwood Turnpike Company; that this company proceeded to the construction of its road, for which said taxes were assessed, and had nearly completed it at the commencement of this suit.

Third, that certain of the plaintiffs were signers of the petition for permission to organize the company, and are therefore estopped from denying the legality of its organization.

A demurrer to the second and third paragraphs of the answer was sustained, and the defendants excepted.

The issue made by the general denial was tried by the court, and the injunction made perpetual except as to the plaintiffs John Ingles and Christian Pike, as to whom it was dissolved.

A motion for a new trial was made by the defendants, and also by the plaintiffs John Ingles and Christian Pike, and overruled; and bills of exceptions were filed.

FRAZER, J.—The question first to be disposed of in this case is as to the sufficiency of the complaint. The substantial allegations of it were as follows:

That the plaintiffs respectively own lands within three-fourths of a mile on either side of a turnpike, located partly in Fayette and partly in Wayne county, which is being constructed by a pretended corporation attempted to be organized under the act of March 6th, 1865, for the con-

struction of gravel and turnpike roads; that the turnpike to be constructed by the supposed corporation is only four miles long, and within its necessary length of five miles embraces one mile of turnpike already constructed and belonging to another corporation; that taxes were levied upon the said lands of the plaintiffs for the construction of said four miles of road. The relief sought was an injunction to restrain the collection of such taxes.

Such a lapping of one turnpike upon another, to obtain the distance of five miles, was an attempt to evade rather than satisfy the eighth section of the act requiring that no road made in pursuance thereof shall be less than five miles in length. Acts 1865, p. 92. If it might be done for a distance of one mile, it might be for any distance. It is altogether and expressly forbidden by the letter and spirit of the statute.

But it is urged, that the boards of commissioners having permitted the organization of the turnpike company, the matter is not longer open to inquiry. This position is untenable. The commissioners were in the exercise of a special statutory power; they must execute that power as it is given; they cannot exercise it in disregard of the statute which confers it, and especially where that statute expressly forbids them to do so; and any attempt of the kind is merely a nullity, binding nobody. A judicial proceeding where parties have a right and opportunity to be heard is very different; and in such a case a judgment which the tribunal has jurisdiction to render will bind, though it be erroneous. But in the case before us, as stated in the complaint, the commissioners had no jurisdiction to authorize the corporation. The proceeding before them was *ex parte*; nobody was required to be notified. It would be monstrous if action had under such circumstances should be held to conclude further inquiry.

But it will be observed that the statute under which the commissioners acted expressly authorizes them to determine only one question, to wit: whether the proposed work

will be of public utility, the antecedent requirements of the first section of the act being strictly jurisdictional and necessary to put the tribunal in motion; and the statute does not, in terms, even require the board to ascertain whether these jurisdictional facts are true, though they must undoubtedly be stated in the petition, and probably it was the duty of the boards to have ascertained their truth before proceeding further; and it may be that their decision on that subject would be conclusive when questioned collaterally. The Evansville, &c. R. R. Co. v. Evansville, 15 Ind. 395. But that the length of the road proposed to be constructed shall be five miles, is not a matter to be decided before authority shall be given to form the corporation. A petition by the owners of three-fifths of the real estate lying within three-fourths of a mile on each side of the proposed turnpike, stating its location and length and their desire to construct it, is all that is required to evoke the action of the tribunal. Whether or not so much of the proposed route is already occupied by a turnpike completed that five miles does not remain to be constructed, is not then an inquiry. But after the corporation is created, a restraint is imposed upon its action by the eighth section of the act. It cannot make less than five miles of road, and it must commence its work within two years and finish it within six years. If such a route is designated in its organization that there are only four miles to make, then it has no power to do anything; for it would be idle to say that it might collect money which it could not lawfully expend. And it is equally idle to say that the purchase or other acquisition of a road already made answers the requirement of the statute.

So we are of opinion that the court below was correct in not carrying back and sustaining to the complaint the demurrer to the second and third paragraphs of the answer. What has already been said determines also that those paragraphs of the answer were bad, and that the demurrer to them was correctly sustained.

We are unable to perceive why the signing of the peti-

tion to the commissioners should constitute an estoppel in this case. Indeed, the argument for the appellants concedes as much. If the corporation cannot lawfully expend money under its peculiar organization, what equity can there be in allowing it to collect money?

The finding against the defendants was well sustained by the evidence.

But we cannot sustain the finding against the plaintiffs John Ingels and Christian Pike. The case made by them was the same as that made by the other plaintiffs, except that they were petitioners for the organization of the turnpike company. It does not appear that they became members of it. Their motion for a new trial should have been granted.

Judgment against the defendants below affirmed, with costs; that against the plaintiffs John Ingels and Christian Pike reversed, with costs, and cause remanded for new trial as to them.

*B. F. Claypool* and *J. S. Reid,* for appellants.

*J. B. & J. F. Julian,* for appellees.