Sankey *v*. The Terre Haute and South-Western R. R. Co. *et al.*

SANKEY *v*. THE TERRE HAUTE AND SOUTH-WESTERN RAIL-
ROAD CO. ET AL.

RAILROAD.— *Tax Assessed to Pay for Stock in Incorporated Company.*— *Man-
date.*—Neither a railroad company nor one to whom it has contracted to assign
a subscription or donation, made by a county or township, under the act of
1869, can maintain an action for a mandate against the treasurer of the county,
to compel him to collect a tax placed on his duplicate and assessed for the
purpose of aiding in the construction of the railroad. All the acts of the
voters and county commissioners in taking steps to raise money, with which
to subscribe and pay for stock in an incorporated company, or make a dona-
tion to it, are between themselves, one the principal, and the other the agent;
there is no contract in such case with the railroad company, nor has it any
right or control over the matter, until the money is raised and the stock
taken and paid for, or the donation actually made.

SAME.— *Act of 1873.*— *Vested Rights.*—The act of January 30th, 1873, supple-
mental to the act of 1869, authorizing aid to railroad companies, is not uncon-
stitutional on the ground that it divests rights vested in railroad companies;
there being no rights to be divested.

APPEAL from the Vigo Circuit Court.

OSBORN, C. J.—The appellees filed their complaint against
the appellant in the Vigo Circuit Court, in which it is alleged
that the necessary acts had been done and steps taken to author-
ize the levy and collection of a tax in certain townships in Vigo
county, to aid in the construction of the railroad of the com-
pany; that the tax had been legally and properly placed
upon the tax duplicate of the county; that the appellant
was the county treasurer, and as such had the duplicate in
his hands for collection; that he had failed and refused to
receive or collect the tax so levied and placed upon the
duplicate. It is further alleged that Jackson had taken a con-
tract to construct a part of the road of the company, and
the company had agreed to assign over to him the subscrip-
tions in the townships of Vigo county; that on the faith of
the appropriations, he and the company had incurred large
expenses in the construction of the road. A mandate was
asked against the appellant, compelling him to receive and
collect the tax as other taxes are collected.

The appellant waived the issuing and service of any alter-

nate mandate, and filed an answer and return as though an alternate mandate had been issued, to which the appellees filed a demurrer. The demurrer was sustained and the appellant excepted, and refusing to amend or answer further, judgment was rendered against him and for a peremptory mandate as prayed for.

The errors assigned bring before us the question of the right of the appellees to prosecute the action for the mandate.

This is not the first time this question has been before the court. In the case of *The Board of Commissioners of Crawford County* v. *The Louisville, New Albany, and St. Louis Air Line Railway Company*, 39 Ind. 192, it was held that the railway company could not maintain a mandate against the commissioners to compel them to cause the tax to be collected after it had been voted; that all the acts of the county commissioners and the voters of the county in taking steps to raise the money, with which to subscribe and pay for the stock of the railroad company, were between themselves, one the principal and the other the agent, and that there was no contract with the company, nor had it any right in, or control over, the matter until the money was raised and the stock taken. We adhere to the ruling in that case. The constitutionality of the act authorizing the tax is maintained upon the theory that the county is not bound until the money is in the treasury; that no right vests in the company until the stock is subscribed and paid for, or the donation is actually made. The county is prohibited from subscribing for stock in any corporated company, unless the same is paid for at the time. It is also prohibited from lending its credit to any incorporated company, and from borrowing money for the purpose of taking stock in any such company. The leading case in this State affirming the constitutionality of the act of 1869, authorizing the tax and subscription, recognizes the above doctrines. *The Lafayette, Muncie, and Bloomington Railroad Company* v. *Geiger*, 34 Ind. 185. On page 219, it is said to be plain from the law, that it was not intended to bind the county for a dollar until the money

should be in the treasury, from the special tax levied to pay for the stock, and that no subscription was authorized by the law until that time.

The company had no legal right to the subscription contemplated by the voters, and the contract to assign it to Jackson conferred none upon him. It follows that the act of January 30th, 1873, mentioned in the answer of the appellant, is not unconstitutional on the ground of divesting vested rights of the appellees.

The complaint did not state facts sufficient to constitute a cause of action, and the demurrer to the answer should have been sustained to the complaint.

The counsel for the appellant, in his brief, considers it due to the court below to state that the case first mentioned was not cited, nor was this question presented then, although it is in the record.

The judgment of the said Vigo Circuit Court is reversed, with costs. Cause remanded, with instructions to sustain the demurrer to the answer to the complaint, and for further proceedings in accordance with this opinion.

## ON PETITION FOR A REHEARING.

OSBORN, C. J.—A very respectful and able petition for a rehearing is filed in this cause, in which we are earnestly desired to consider and construe the act of January 30th, 1873, Acts 1873, p. 184. It is stated that in one of the townships voting the aid, the sum of one hundred and fifty thousand dollars has been voted, whilst the company cannot expend in that township, in the actual construction of the road, more than twenty-five thousand dollars, and that the company is greatly embarrassed by the act of the General Assembly. If we were to do as requested, we fear that we might add to, instead of relieving the company from its embarrassment. The opinion would be an *obiter* one, binding upon no one. It could not be considered as the expression of the opinion of the court. We consider it better that

the writer of an opinion should confine himself to the questions involved in the record, and not travel outside of it to give instructions. We hold in this case that neither the railroad company nor its contractor can maintain an action for a mandate, and the validity or construction of the law cannot arise in such an action brought by them.

The petition is overruled.

*J. M. Allen, W. Mack, D. W. Voorhees,* and *J. C. Briggs,* for appellant.

*J. P. Baird, C. Cruft,* and *J. G. Williams,* for appellees.