KNIGHT ET AL. *v.* THE FLATROCK AND WALDRON TURNPIKE COMPANY ET AL.

PLEADING.—*Copies of Written Instruments.*—Written instruments which are not the foundation of an action, though filed with the complaint, cannot supply necessary averments thereof.

SAME.—*Turnpike.*—Where the action is to restrain the collection of an illegal tax assessed in aid of the construction of a turnpike, copies of the petition for the right of highway, the certificate of the county auditor as to the ownership of three-fifths of the land, etc., the order of the board of commissioners, the

Knight *et al. v.* The Flatrock and Waldron Turnpike Co. *et al.*

list of taxes assessed on the plaintiff's land, made by the auditor, and a statement of the proceedings of the petitioners and stockholders of a turnpike company agreeing upon the name of the company and the election of officers do not properly form part of the complaint.

SAME.—*Articles of Association.—Illegal Tax.—Injunction.*—Under the act of March 6th, 1865 (3 Ind. Stat. 534), unless the persons receiving a permit from the county commissioners to use and occupy a highway for a turnpike unite in articles of association, in order to become a corporation, the collection of the tax provided to be levied for the construction of the turnpike may be enjoined.

SAME.—*Parties.*—An action to enjoin the treasurer of a county from collecting a tax assessed to aid in the construction of a turnpike, on the ground that the turnpike company was never organized as a corporation pursuant to the statute, is not a proceeding to destroy the turnpike company, but to prevent the collection of the tax because the company had not the authority to have the tax assessed, and there is no inconsistency in making the pretended corporation a party defendant by its assumed corporate name. (PETTIT, J., dissented.)

From the Shelby Circuit Court.

*S. Major* and *A. Major*, for appellants.

*G. H. Voss, B. F. Davis, J. A. Holman, B. F. Love,* and *R. A. Black,* for appellees.

OSBORN, J.—This was a complaint filed by the appellants, to restrain the treasurer of Shelby county from the collection of taxes upon the duplicate in his hands for collection, for the construction of a gravel road or turnpike.

The complaint shows that certain persons filed a petition in the office of the auditor of Shelby county, asking the commissioners of that county to grant to them the right of a highway. No other statement is made of the contents of the petition, but a copy of it is filed with, and it is alleged is made a part of, the complaint. It is also alleged that the petitioners also filed a certificate of the auditor that they owned over three-fifths of the real estate within three quarters of a mile of the proposed gravel road, a copy of which is filed with and made a part of the complaint; that thereupon the commissioners granted the application, and to the petitioners the power to organize as a road company. At the same time, the commissioners appointed one James Elliott to estimate the grading of the proposed road;

that afterward, on the — day ————, 1866, the auditor made out each person's taxes within three-fourths of a mile of the proposed road, on each side thereof, for the purpose of building the same; that afterward, on the 12th day of April, 1866, the petitioners attempted to organize a turnpike company, to be known by the name of The Flatrock and Waldron Turnpike Company, by electing certain persons as directors; that shortly thereafter the construction of the road was commenced and continued during the years 1866, 1867, 1868, 1869, and 1870; that the road is completed, and the pretended company have been and are now in the receipt of tolls more than sufficient to keep the road in repair; that the taxes so assessed by the auditor were divided into three instalments, payable in one, two, and three years, and that the same were placed upon the duplicate for the years 1867, 1868, and 1869, respectively; that a portion of the taxes so assessed against the appellants remain unpaid, as follows:   then follow the names of the plaintiffs, with the amounts against each; that the same remain on the tax duplicate in the hands of the defendant Fountain G. Robertson, the treasurer of the county, who is threatening to collect the taxes by levy and sale of the property of the plaintiffs.

: It then alleges that the taxes are illegal, because the petitioners did not show that they were the owners of more than three-fifths of the amount of real estate within three-fourths of a mile of the proposed road, nor that their real estate represented over three-fifths of the appraisement of the real estate within three quarters of a mile of the road.

2d. That it does not appear by the proceedings of the commissioners that the pretended organization was, or is, under any act of the General Assembly of this State, and it is averred that it is not so organized.

3d. That it does not appear upon the records of the commissioners that the right of highway was in Shelby county.

4th. That the articles of association were never filed in the office of the recorder or auditor of the county, and that

the petitioners were never united together in articles of association and in fact never had any such articles.

5th. That the petition does not sufficiently describe the route of the road, and does not with certainty designate the highway sought to be appropriated; that it fails to locate it in any county or state, and that the description thereof is vague, indefinite, disconnected, and incomplete; and that the grant of the highway was void.

Prayer for injunction and other proper relief.

A supplemental complaint was filed stating that the treasurer had demanded payment of the taxes since the filing of the original complaint, and praying for an injunction.

A demurrer was filed to the complaint, because it did not state facts sufficient to constitute a cause of action, which was sustained by the court. The plaintiffs refused to amend, and final judgment was rendered against them and for costs.

The error assigned is in sustaining the demurrer to the complaint.

The appellees have filed no brief, and we do not know upon what grounds the demurrer was sustained.

Copies of the petition for the right of the highway, the certificate of the county auditor as to the ownership of three-fifths of the land, etc., the order of the board of commissioners, the list of taxes assessed on the plaintiffs' land made by the auditor, and a statement of the proceedings of the petitioners and stockholders of the "Flatrock Gravel Road Company," agreeing upon the name of the company and the election of officers, are copied into the record, as if they formed a part of the complaint.

The complaint is not founded upon those documents or instruments. It is to restrain the collection of an alleged illegal tax. Filing copies did not, therefore, make them a part of the complaint. *The Excelsior Draining Co. v. Brown*, 38 Ind. 384; *Lytle v. Lytle*, 37 Ind. 281; *Wyant v. Wyant*, 38 Ind. 48; *Campbell v. Cross*, 39 Ind. 155; *Hazzard v. Heacock*, 39 Ind. 172. They could only become a part of the complaint by being copied into it, or by stating their substance,

We must look to the allegations of the complaint without reference to the copies filed, to determine its sufficiency.

In *Rhodes* v. *Piper*, 40 Ind. 369, it was held that under the act of March 6th, 1865, Acts 1865, p. 90, 3 Ind. Stat. 534, the board of commissioners could not grant permission to occupy and use a highway for a gravel road or turnpike until they had found as a fact that the persons who signed the petition represented three-fifths of the real estate within three-fourths of a mile on each side of the proposed road, and that the road was of public utility. The finding of such facts was essential to the exercise of any jurisdiction, and when so found was conclusive. It was also held that the grant of the permission by the county commissioners did not require an organization of a company prior to such grant. The second section of the act provides that the persons making the application for the right of the highway, after receiving from the county commissioners a permit to use and occupy the highway, "can organize themselves into a company, elect such officers, make by-laws and rules for their action as is lawful and proper, under the name they choose in their articles of association."

The act contemplates that after the permit has been received, the petitioners will organize themselves into a company under the law authorizing the organization of such companies, to enable them to construct the road, and until that is done they have no authority to construct the road, nor can the tax be levied or collected for that purpose. They must unite in articles of association, setting forth, among other things, the corporate name of the association. *Piper* v. *Rhodes*, 30 Ind. 309; *Rhodes* v. *Piper*, 40 Ind. 369.

The complaint shows that the petitioners attempted to organize by electing officers and choosing and adopting a name; but they failed to unite in articles of association as required by statute; that no such articles have been entered into and that none exist. Like *Piper* v. *Rhodes*, they have assumed a name and are acting under it, have constructed a road and are receiving tolls and exercising the functions of

Knight *et al. v.* The Flatrock and Waldron Turnpike Co. *et al.*

a corporation. They are a corporation by *user*, so that any one contracting with them as such would be estopped from denying their corporate existence. Angell and Ames Corp., 9th ed., 638 ; *The Bank of Toledo* v. *The International Bank,* 21 N. Y. 542; *Methodist, etc., Church* v. *Pickett,* 19 N. Y. 482.

It also appears that the appellee, the treasurer of the county has in his hands the tax duplicate for collection, including taxes against each of the appellants, levied for the construction of that road, and that he is threatening to levy and collect the same, and will do so if not restrained.

It is manifest that, according to the uniform ruling of this court, the taxes are illegally assessed, and the treasurer ought to be restrained from collecting them. *Green* v. *Beeson,* 31 Ind. 7; *Glass* v. *The Tipton, etc., Turnpike Co.,* 32 Ind. 376; *Rhodes* v. *Piper, supra ; The Newton County Draining Co.* v. *Nofsinger,* 43 Ind. 566, and many others.

It is true we held in *The Mud Creek Draining Co* v. *The State, ex rel. Marley,* 43 Ind. 236, that the State could not obtain judgment of ouster against a corporation for usurping corporate franchises, on the ground that it never had a legal existence, when the information and proceedings were against it by its corporate name.

Such a proceeding is for the purpose of destroying the corporate existence of the company by a judicial decree, whilst the action in this case is to enjoin the treasurer from the collection of taxes illegally assessed. It does not attack the corporation any further than to show that the tax which the treasurer is threatening to collect is illegal, because the company had no authority to have it levied for the purpose of constructing its road. It was a corporation in fact, and as such had caused the tax to be levied and placed upon the duplicate ; and whilst the law of the State had not been complied with in its organization, still an attempt had been made to do so, and it was acting under color of law, but not with the authority claimed. We think, under the circumstances, that there is no real inconsistency in alleging that the petitioners pretended to organize a company but failed, and in

an action like this to make the pretended company a party defendant. No judgment is sought against the company. All that is asked is a judgment against the treasurer restraining him from the collection of the taxes. On the facts stated, we think they were entitled to it.

The judgment is reversed, with costs. The cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.

PETTIT, J.—I think the only question in this case is, when a corporation is sued by its corporate name, is the complaint good which alleges that it is not a corporation? I hold as the court below did that the complaint is bad, and cite the case of *The Mud Creek Draining Co.* v. *The State, ex rel. Marley, supra,* and the authorities there cited. To sue a corporation and bring it into court to answer a charge that it is not and never was a corporation is, to my mind, an absurdity.

That was a suit by the State, on the relation of certain persons, against a corporation, while this is a suit by individuals against a corporation, but there is no difference in principal or reason.

*Petition for a rehearing overruled.*