Keller *et al. v.* Boatman.

SUPREME COURT.—*Notice of Appeal to Co-Parties.*—Persons who have been made parties defendants in a complaint, to answer as to their interest in the subject-matter of the action, who have not appeared in the lower court, and against whom no judgment has been rendered, and who therefore cannot be affected by the judgment of the Supreme Court in such action, should not be served with notice of appeal, under section 551 of the code; and if they be made parties and notified, their names will be struck from the assignment of errors, and the costs occasioned by their being made

parties in the Supreme Court, and by their being notified, will be against the appellants.

From the Hamilton Circuit Court.

*L. Barbour* and *C. P. Jacobs*, for appellants.

*J. T. Dye* and *A. C. Harris*, for appellee.

BUSKIRK, C. J.—The appellee commenced an action against the appellants, and several other defendants. The purpose of the action was to recover, as against Keller, the possession of a portable steam saw-mill, to foreclose a mortgage as against Keller on the said mill and certain real estate, and to be sub-rogated to the rights of Small in a certain mortgage given by Keller to said Small, and to have a foreclosure thereof.

The material facts were these: Robert H. Keller and Hamilton Emmons purchased of the Eagle Machine Works a portable steam saw-mill, for two thousand eight hundred dollars, for which three notes were executed by the purchasers, with appellee and appellant Small as sureties. The notes were assigned to James B. Suitt, who recovered a judgment against all the makers. The judgment was paid by appellee. Soon after the purchase of the mill, Emmons sold his interest in the mill to his co-owner, and, with an agreement on the part of Keller to pay off the notes, Keller executed to Emmons and appellee a mortgage on the mill and certain real estate to indemnify them; and to indemnify Small, Keller executed to him a mortgage on said mill, the same real estate mortgaged to Emmons and appellee, and on another tract of land.

The appellee, in his complaint, makes the following averments as to other defendants: "And the plaintiff says, that the other named defendants, John T. Wolf, Joseph Wilson, Moses W. Wilson, William Ridenour, Hugh Dickey, Henry George, Mary J. Wiseman, Robert Trimble, Ellis W. Harrold, John W. Flint, and Alexander Boyer, each claim some right, claim, or interest in or to said lands and mill; and plaintiff says they, nor either of them, have any claim on said lands or mill of any kind whatever, and they are made parties to

answer if any interest they have, or be forever barred and foreclosed."

It does not appear from the record that any of the above named defendants were served with process ; that any of them appeared and answered ; but it does appear therefrom that no judgment was rendered against them, not even for costs. Their names do not appear in the record after the complaint, except that some of them were witnesses.

Keller and Small appeared and answered. There was a trial by jury, a finding for plaintiff against Keller and Small, who moved for a new trial, which was overruled, and they alone appeal.

The court rendered a judgment in favor of appellee against Keller and Small, and foreclosed the mortgages. The appellants have had process served upon all of their co-defendants, except Moses W. Allen, William Ridenour, Ellis W. Harrold, John W. Flint, and Alexander Boyer. It is shown by affidavit, that Wilson is a non-resident of the State, that Harrold is supposed to reside in Hamilton county, Indiana, but the sheriff has returned as to him, not found ; that Flint is dead, and has no administrator ; that Boyer is dead, and George Bosell is his administrator, and resides in Tipton county, in this State.

The appellants have moved for leave to submit this cause, without notice to the above named persons.

It is provided, by sec. 551 of the code, 2 G. & H. 270, that " a part of several co-parties may appeal, but in such case they must serve notice of the appeal upon all the other co-parties, and file the proof thereof with the clerk of the Supreme Court," etc.

Are the above persons parties, within the meaning of the above section ? We think they are not. If served with process, they did not appear; there was no judgment rendered against them. We think they have no interests in this action. No judgment having been rendered against them, they cannot be affected or bound by any judgment that may be rendered by this court. Several of the persons who were

made parties to answer to their supposed interests, and who have been notified of this appeal, were not necessary parties to the appeal. We think that the names of all the persons above given, who were made defendants to answer to their supposed interest, should be stricken from the assignment of errors, and that all costs occasioned by their being made parties and notified, should be paid by appellants.

We are further of opinion that the cause should be submitted, and it is now accordingly submitted.