Jager *et al. v.* Doherty *et al.*

JAGER ET AL. *v.* DOHERTY ET AL.

61 528
139 463
61 528
155 33
61 528
162 593
162 601
162 602
61 528
166 183
166 186

RAILROAD.—*Tax in Aid of.*—*Interest of Company.*—*Directors.*—*Injunction.*—*Parties.*—Under section 17 of "An act to authorize aid to the construction of railroads by counties and townships," etc., 1 R. S. 1876, p. 736, a railroad company does not have, and can not acquire, any legal right to, or interest in, a tax voted in aid thereof by a township, which it can enforce by legal process, until such tax has been levied and collected and a valid subscription made on behalf of the township. And in a suit by citizens and tax-payers of such township to enjoin the collection of a tax assessed to raise money for investment in the capital stock of a railroad company, neither such railroad company nor the directors thereof, as such, are proper or necessary parties defendants, and it is error for the court below, on petition, to admit such directors as parties.

SAME.—*Practice.*—*Appeal.*—*Final Judgment.*—Under section 550 of the practice act, as amended by an act approved March 14th, 1877, Acts 1877, Spec. Sess., p. 59, an appeal can be taken to the Supreme Court only by a party to the final judgment of the court below. And the directors of such railroad company, having been erroneously admitted as parties defendants, are strangers to the record; and, no final judgment having been expressly rendered against them, they are strangers to such judgment, and an appeal presented to the Supreme Court by them will be dismissed on motion of the appellee.

From the Jefferson Circuit Court.

*R. S. Robertson, W. T. Friedley, J. Roberts* and *Cravens & Cravens,* for appellants.

*C. E. Walker, W. S. Roberts* and *C. A. Korbly,* for appellees.

HOWK, J.—The appellees, for themselves and many other citizens and tax-payers of Madison township, in Jefferson county, Indiana, brought an action, in the court below, against the Board of Commissioners of Jefferson county, John Scott, treasurer, and Thomas Graham, auditor, of said county, as sole defendants.

The object of this action was to enjoin the collection of a certain tax assessed by said board of commissioners, and entered by said auditor on the tax-duplicate, to raise money for investment by said Madison township in the

capital stock of the Bedford, Brownstown and Madison Railroad Company.

At the November term, 1877, of the court, the parties to said action appeared, and the said railroad company, by its attorneys, also appeared, and, upon the affidavit of its president, then filed, moved the court to be made a party defendant to said action, which motion was overruled, and to this decision the said railroad company excepted, and filed its bill of exceptions.

Afterward, at the February term, 1878, of the court, the appellants filed in said cause their verified petition, describing themselves therein as resident citizens and taxpayers of said Madison township and the directors of said Bedford, Brownstown and Madison Railroad Company, and praying that they might be admitted as defendants in said action. The court granted the prayer of said petition, and ordered that the appellants be made parties defendants to the said action; and thereupon the appellants appeared as such defendants and demurred to the appellees' complaint, upon two grounds of objection, as follows:

1. That said complaint did not state facts sufficient to constitute a cause of action; and,

2. That there was a defect of parties defendants, in this, that the petition and vote, set forth in said complaint, were intended for the Bedford, Brownstown and Madison Railroad Company, and that said company was a necessary and proper party to this suit.

To the action of the court, in allowing the appellants to file their said petition, and to the order of the court making the appellants parties defendants in this action, the appellees excepted and filed their bill of exceptions.

The appellants moved the court, in writing, to strike out certain specified portions of the appellees' complaint. The defendants, the board of commissioners, Graham, auditor, and Scott, treasurer, of said county, separately de-

murred to the complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrers were severally overruled, to which rulings the said defendants did not except, but, in the language of the record, they elected to "abide the overruling of their demurrers, and refuse to answer further."

The court overruled the appellants' demurrer to the complaint, to which ruling they excepted; and their motion to strike out was also overruled, and to this decision they excepted, and filed their bill of exceptions.

The appellants then answered, setting up affirmative matter by way of defence, to which answer the appellees demurred, upon the following grounds of objection:

1. That the answer did not state facts sufficient to constitute a defence to the complaint;

2. That it did not state facts sufficient to constitute an answer to the complaint; and,

3. That the appellants were not proper parties defendants to this action, and had no interest therein.

This demurrer was sustained, and to this decision the appellants excepted, and refused to answer further.

The court then rendered judgment, declaring the said railroad tax illegal and void, and perpetually enjoining the defendants, the board of commissioners, and the said auditor and treasurer of said county, and their deputies and successors in office respectively, from collecting the said tax, or any part thereof. Judgment was also rendered, that the appellees recover of the said defendants, the board of commissioners, said Graham, auditor, and said Scott, treasurer, of said county, their costs in this action expended, taxed, etc. The court did not, in express terms, render any judgment either for or against the appellants, but they excepted to the judgment rendered, and they prosecute this appeal therefrom.

The defendants, the board of commissioners, Graham, auditor, and Scott, treasurer, have filed in this court their written refusal to join in this appeal.

The appellees have filed in this court a written motion to dismiss the appeal in this action, which first demands our attention. The reasons assigned in said motion for such dismissal are as follows:

"1.    There is no sufficient assignment of errors upon the record in this court;

"2.    It appears by the assignment of errors, that John Jager, Henry C. Sanxay, John Roberts, E. T. Dickey, Alexander White and Charles Richardson are the appellants, and that they assign the errors; and it appears by the transcript of the record, that said appellants were not made defendants to the complaint, but, on their own motion, became parties defendants; that the controversy below was between the plaintiffs and the board of commissioners, the auditor and treasurer of Jefferson county, defendants, and the judgment was against them alone, and not against said appellants; that the controversy was one in which the appellants had and have no legal interest; and,

"3.    That there is no judgment, in the court below, against said appellants, John Jager, Henry C. Sanxay, John Roberts, E. T. Dickey, Alexander White and Charles Richardson, to appeal from."

In connection with this motion, it is proper for us, we think, to consider a cross error, assigned by the appellees on the record of this cause, to the effect "that the circuit court erred in ordering and in making said appellants parties defendants in this action, on their own motion, and over the objections of the appellees." For, if this cross error is well assigned—if, in other words, the circuit court erred in ordering the appellants to be made parties defendants in this action,—and if the appellants had not, and have not now, under their own showing, any legal interest in the controversy in this suit, then it must follow, of necessity, that this appeal is not properly in this court, and must be dismissed.

The appellants asked to be and were made parties

defendants in this suit, by an order of the circuit court, upon their own verified petition. Omitting the title of the cause, and the signature to, and verification of, said petition, it read as follows:

" Come now John Jager, Henry C. Sanxay, John Roberts, Ed. T. Dickey, Alexander White and Charles Richardson, who say they, and each of them, are citizens residing in Madison township, of Jefferson county, Indiana; that they are tax-payers of said township, and also directors of the Bedford, Brownstown and Madison Railroad Company; that, as such tax-payers, they have an interest in the controversy in this action, adverse to said plaintiffs; that they claim said interest in said controversy, as directors of said railroad company as aforesaid, and that they are necessary parties to a complete determination of the questions involved. Wherefore they pray the court, that they may be admitted as defendants to said action."

It will be seen from this petition, that the appellants founded their claim to be made parties defendants to this action, not upon the alleged fact that they were tax-payers of Madison township, but upon their alleged interest, as directors of said railroad company, in the matter in controversy. It must be regarded as certain, under the legislation of this State and the decisions of this court, that the Bedford, Brownstown and Madison Railroad Company had no legal interest whatever in the railroad tax, which was the subject-matter of this action; and that, for this reason, the railroad company was not a proper or necessary party, either as plaintiff or as defendant, to any litigation in relation to the collection of said tax.

Under section 17 of " An act to authorize aid to the construction of railroads by counties and townships taking stock in and making donations to railroad companies," approved May 12th, 1869, under which act the tax in question was voted by the qualified voters of said

Madison township, it is very certain, that, until the tax was levied and collected, and a legal and valid subscription had then been made on behalf of said township, the railroad company did not have, and could not acquire, any legal right to, or interest in, the said tax, which it could enforce by legal process. 1 R. S. 1876, p. 740; *The Board, etc., of Crawford Co.* v. *The Louisville, etc., Air Line Railway Co.*, 39 Ind. 192; *Sankey* v. *The Terre Haute, etc., Railroad Co.*, 42 Ind. 402; and *Petty* v. *Myers*, 49 Ind. 1.

In the case first cited, in 39 Ind. 192, it is said:

"All of the acts of the commissioners and the voters of the county, in taking steps to raise the money, are between themselves, one the principal and the other the agent; there is no contract with the company, nor has she any right in, or control over, the matter, till the money is raised, and the stock taken. Till that time, the principal, and agent alone have control of the proceedings."

If, therefore, the Bedford, Brownstown and Madison Railroad Company was neither a proper nor necessary party defendant in this action, as it certainly was not, then it clearly follows, as it seems to us, that the appellants, as the directors of said railroad company, by reason of their alleged interest as such directors, were neither proper nor necessary parties defendants in this action. For the appellants, as the directors of said railroad company, certainly could not have a legal right to, or interest in, a matter in which their company had no legal right nor interest. In our opinion, therefore, the circuit court erred in granting the prayer of the appellants' petition, and in ordering them to be made parties defendants in this action.

We come now to the consideration of the appellees' motion, in this court, to dismiss the appeal in this cause. Having reached the conclusion, in considering the appellees' cross-error, that the appellants were erroneously admitted by the circuit court as parties defendants in this

action, it seems to us, that the appellees' motion to dismiss must be considered as it would be if the appeal had been taken by an entire stranger to the record. In legal contemplation, the appellants are strangers to the record of this cause; for they are not parties to the judgment, which they have attempted, by their appeal, to bring before this court.

In section 550 of the practice act, as amended by an act approved March 14th, 1877, it is provided, that "Appeals may be taken from the circuit courts, and superior courts to the Supreme Court, by either party, from all final judgments," etc. Acts 1877, Spec. Sess., p. 59. By a fair construction, this statute authorizes an appeal only by a party to the final judgment. It can not be construed, as it seems to us, in such a manner as to authorize an appeal by a party to a suit, who is not a party to the final judgment.

In the case before us, the appellants were not made parties by the appellees to their complaint or cause of action; but, upon their own application, they were admitted erroneously by the circuit court, as we have seen, as parties defendants in the action. They were not parties, however, in any way, to the final judgment of the court, in this action; for there was no judgment rendered, either for or against them, in the final judgment. It seems to us, therefore, that the appellants, who are strangers and not parties to the final judgment in this cause, can not appeal therefrom; that they have no standing, as appellants, in this court; and that, for these reasons, the appellees' motion to dismiss the appeal in this action ought to be, and must be, sustained.

The construction we have given to section 550 of the practice act is in harmony with, and fully sustained by, the decision of this court in the case of *Keller* v. *Boatman*, 49 Ind. 101; wherein it was held substantially, that, by the word "co-parties," as used in section 551 of the code of practice, it was meant and intended to designate

co-parties to the judgment appealed from, and not merely. co-parties to the action.

The appeal in this cause is dismissed, at the appellants' costs.