## IN RE RAY.

[No. 19,309.    Filed May 8, 1900.    Rehearing denied June 6, 1900.]

APPEAL AND ERROR.—*Interlocutory Order.—Contempt.—Depositions.—Witnesses.*—An order of court made under the provisions of §420 Burns 1894 requiring a witness to appear before an officer and give his deposition is an interlocutory order, and not a final order from which an appeal will lie.

From the Shelby Circuit Court.    *Appeal dismissed.*

*A. F. Wray* and *T. H. Campbell*, for appellant.

*Peter Crumpacker, T. B. Adams* and *Isaac Carter*, for appellee.

DOWLING, J.—The deposition of the appellant was taken on behalf of certain plaintiffs in an action against North School Township, of Lake county, Indiana, pending in the Porter Circuit Court.

The defendant not having been present when the witness was examined, it afterwards obtained the leave of the court to cross-examine him upon the matters contained in his deposition, reasonable notice being first given. Notice of the time and place of the proposed cross-examination was given by the defendant to the plaintiffs in the said action, and Frank Glessner, the clerk of the Shelby Circuit Court, the officer selected to take the deposition, caused the appellant to be subpœnæd to appear before him on December 30, 1898, at 10 o'clock a. m., at the office of the said clerk, to testify and give his deposition in the said cause of McKay

*et al.* v. North School Township, etc.   The appellant failed
to appear as required, and Mr. Glessner, the clerk, reported
the fact to the Shelby Circuit Court, agreeably to the pro-
visions of §430 Burns 1894, and in his report asked the
court to order the witness to attend and testify.   Appellant
appeared to the report, and filed a demurrer to it, which
was overruled.   He then filed a verified answer in explana-
tion of his failure to attend and testify.   On motion of Mr.
Glessner, the answer was stricken out.

The court thereupon made the following order:   "It is
ordered by the court that George M. Ray be and appear at
the office of the clerk of this court, in the court-house, in
the city of Shelbyville, in Shelby county, Indiana, at 10
o'clock a. m. on the 5th day of July, 1899, before some
officer authorized to take depositions, and then and there,
before such officer, submit to a cross-examination by the
defendant, North School Township of Lake county, Indi-
ana, upon the matters and things to, and about which, he
testified in his deposition heretofore given and taken in be-
half of the plaintiffs, in the case of Thomas McKay *et al.*
plaintiffs, v. North School Township, of Lake county, Indi-
ana, which cause is now pending in the Porter Circuit Court
of Indiana, and then and there to be cross-examined by said
defendant about and concerning the matters and things
about which he testified in said former deposition, all in
compliance with the leave granted to the said defendant
township by said Porter Circuit Court."

Exceptions were taken by the appellant to the several rul-
ings of the court, and his bill of exceptions was filed within
the time allowed for that purpose.   From the foregoing
order, directing him to appear and testify, the witness, Ray,
appeals.

The right of appeal exists only where it is conferred by
statute.   Elliott's App. Proc. §75, and cases cited in note
one.

Appeals may be taken from the circuit courts and superior
courts to the Supreme Court by either party from all *final*

*judgments*, except in certain actions originating before a justice of the peace. Also from certain interlocutory orders of any circuit court, or judge thereof, in the cases specified in the statutes. §§644, 658 Burns 1894.

An appeal may be taken from a judgment against any person in a proceeding for contempt, where a fine, or imprisonment, or both, are imposed. §§1023, 1025 Burns 1894.

The order made by the Shelby Circuit Court requiring the appellant to appear and testify, was an interlocutory, and not a final, order, and there is no provision in the statutes for an appeal from an order of this character. *Western Union Co.* v. *Locke*, 107 Ind. 9; *Jager* v. *Doherty*, 61 Ind. 528.

If the appellant had disobeyed the order by failing to attend, on July 5, 1899, or refusing to testify, as he was commanded to do, and if, upon proper proceedings under the statute, he had been found guilty of an indirect contempt of the court, and a judgment that he be punished therefor by fine, or imprisonment, or both, had been rendered against him, an appeal might have been taken from that judgment. §§1023, 1025 Burns 1894.

The order complained of was merely preliminary, and was but a step in the statutory proceeding to compel a contumacious witness to respect and obey the process of the court.

Appeal dismissed.