UTICA,<br>Aug. 1826.

The People<br>v.<br>Bank of Hudson.

Judgment for the defendants.

---

THE PEOPLE OF THE STATE OF NEW-YORK *against* THE PRESIDENT, DIRECTORS AND COMPANY OF THE BANK OF HUDSON.

ON information in nature of a *quo warranto.* The information was filed at the same time, and was in the same words, *mutatis mutandis*, as those in the two preceding cases of *The People* v. *The Bank of Niagara*, and *The Same* v. *The Bank of Washington & Warren*, (*ante*, 196, 211.) The particulars in which the subsequent pleadings differ, will be found stated in the opinion of the court, where a summary of all the pleadings is given, sufficiently full to render any statement of them here unnecessary.

It will be there seen, that the defendants demurred specially to one of the replications interposed by the attorney general.

The plaintiffs joined in demurrer.

*C. Bushnell*, in support of the demurrer.

*Talcott*, (attorney general) contra.

An information, in nature of a *quo warranto* against an incorporated company, seeking to deprive it of its franchises, on the ground of forfeiture by nonuser, &c. may be against the company in its corporate name.<br><br>The judgment is a judgment of seizure.<br><br>Corporate rights may be forfeited by nonuser or misuser.<br><br>Suffering an act to be done

which destroys the end and object for which a corporation was instituted, is equivalent to a surrender of its corporate rights.

As where an incorporated bank becomes insolvent ; and assigns so much of its property to trustees for the purpose of paying its debts, as to prevent its resumption of banking business.

And the attorney general may, on an information in nature of a *quo warranto*, reply such assignment in general terms ; without saying in particular how much was assigned, or its value ; or how much, or what value was necessary to disable the bank from resuming its operations.

*Curia, per* WOODWORTH, J.    This is an information in nature of a *quo warranto.*   The defendants plead, that by an act passed *March* 25, 1808, they were incorporated as a bank ; which act was subsequently continued in force until the 1*st Tuesday* of *June,* 1832 ; that by virtue of these acts, they are a body corporate, and entitled to do all lawful acts allowed by the statutes of incorporation ; concluding with a traverse of the usurpation alleged in the information.

The plaintiffs reply, that on the 1*st* of *August,* 1819, the debts of the corporation over and above the specie then actually deposited, exceeded three times the sum of the capital stock subscribed.   On this, the defendants have taken issue to the country.

The plaintiffs reply, *secondly,* that on the 21*st* of *August,* 1819, large amounts of bills, notes and evidences of debt of the defendants, had been put in circulation.    And on the day last mentioned, the *defendants, by the fraud, neglect or mismanagement of them, or some, or all of their officers or agents, became wholly insolvent, and unable to redeem their bills, &c. ;* whereupon the defendants discontinued their banking operations, either by way of discount or otherwise ; and on the day and year last aforesaid, assigned and transferred so much of their property to trustees, in trust for the payment of their debts, as to *render themselves incapable of continuing their banking operations,* according to the intent of the statutes of incorporation.

To this replication, the defendants have demurred ; and assign several special causes of demurrer.

It is objected, in the first place, that the information being against the defendants by their corporate name, is bad. To this it may be answered, the information is merely descriptive.   It is not an affirmation that the defendants are a corporation ; but that, by the name of *The President, Directors and Company of the Bank of Hudson,* or using that name, they have done the acts in the information alleged. And it then calls on them to answer, by what authority. Besides, the statute authorizes proceedings against the cor-

poration. The judgment must be against the corporate name. A corporation, created by the legislature, may lose its franchises by a misuser or a nonuser of them. They may be resumed by the government under a judgment upon a *quo warranto*, to ascertain and enforce the forfeiture. (9 *Cranch*, 51.) The judgment to be given is a judgment of seizure, which produces a dissolution of the corporation.

I perceive no substantial difficulties in the plaintiffs' way, as to form. The material question is, whether the replication is good in substance. For the reasons given in *The People* v. *The Bank of Washington & Warren*, I am of opinion that the mere fact of insolvency at a particular time, however produced, is insufficient. For aught that appears, if the pleadings go no farther, the bank may have subsequently become solvent. It ought to appear affirmatively that the insolvency continued; or if it did not continue, then that the defendants subsequently became solvent, and notwithstanding, ceased to exercise the franchises granted. So also with respect to the fact that the defendants ceased to exercise banking operations, for the time in the replication stated. Enough is not shown, in the statement of that fact, to warrant a judgment that the corporation is dissolved. We cannot say that the discontinuance was not justifiable. It may have been a prudent and necessary measure. The bank subsequently to *August*, 1819, may have become solvent. The state of the funds may have been so disposed as to be incapable of being realized; and not to have permitted the defendants with safety to resume their business. If, indeed, the suspension was the consequence of continued insolvency; or, afterwards on becoming solvent, if the defendants had still continued to suspend banking operations, I apprehend the right to dissolve the corporation would be established.

There is, however, another fact alleged, which, if well pleaded, will sustain the prosecution. It is this: that the defendants assigned and transferred so much of their property to trustees as to render themselves incapable of con-

tinuing their banking operations.    This fact, if conceded, presents a case falling within the general principle laid down in *Slee* v. *Bloom*, (19 *John*. 456 ;) *that the suffer-ing an act to be done, which destroys the end and object for which the corporation was instituted, must be regard-ed as equivalent to a direct surrender.*

But it is contended that this part of the replication presents a question of law, as to how much property must be assigned in order to incapacitate the defendants from continuing their banking business ; and upon this the jury would have to pass, if issue were taken on the allegation thus stated.

The answer to the objection seems to be, that the plaintiffs are not presumed to know the exact amount of property assigned.    It is a fact resting in the knowledge of the defendants.    It was competent for them to rejoin that no assignment was made ; or that the assignment did not exceed a certain specified amount ; upon which issue might be taken.

We are of opinion that the plaintiffs are entitled to judgment on the demurrer ; with leave to the defendants to withdraw the demurrer, and rejoin.

Judgment accordingly.