State v. Parkville and Grand River Railroad Co. et al.

defendant in the Probate Court, and objection was made to their allowance on that account. The objection was over-ruled, and, we think, properly. The defendant was guardian of the whole estate of the plaintiff, and not merely of that derived from a particular source, and the allowance was a proper credit to him upon all his indebtedness as guardian.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.

———◂●◉○▸———

STATE, TO USE OF CONNELLY *et al.*, Appellants, v. THE PARK-VILLE AND GRAND RIVER RAILROAD COMPANY and the COUNTY COURT OF PLATTE COUNTY, Respondents.

*State—Injunction.*—The State cannot properly be made a party plaintiff, at the relation of a private citizen, to a bill of injunction to restrain the County Court of a county from issuing its bonds or levying a tax to pay for a sub-scription to the stock of a railroad company. The State has no interest, legal or equitable, in the subject matter.

*Injunction against levying tax.*—An injunction will not be granted, at the in-stance of a tax-payer, to restrain a County Court from levying a tax, upon the ground that the court had no jurisdiction, and that its action was a nul-lity. It must appear that the injury to the tax-payers would be irreparable, or such as could not be redressed by action at law. (Sayre v. Tompkins, 23 Mo. 443, affirmed.)

*Appeal from Platte Circuit Court.*

*Wilson & Merryman*, for appellants.

The point made by the demurrer, that the suit is not brought in the name of the proper parties, is untenable. Any person who is to be affected by the unauthorized act of a public officer, may claim the protection of the government and its name, and sue by such government on his relation. (See Story's Equity Plead. p. 56, § 49.)

The petition charges that they have made the subscription, and are threatening to issue the bonds and levy a tax for the payment of them. This they cannot do by the charter of the railroad, until the question is put to a vote of the people.

'.Under the act of 1855, and '59 and '60, and the charter of the Parkville and Grand River Railroad, the subscription cannot be made until the people pass on it. The subscription was only a conditional one before the act of 1859–60.

*Clough*, for respondents.

I. There is a defect of parties plaintiff, the State of Missouri not being a necessary party to this action, and improperly a party plaintiff.

II. There is a defect of parties defendant. The Parkville and Grand River Railroad Company is not properly a party defendant.

III. The petition does not state facts sufficient to constitute a cause of action, or to authorize the granting of the relief prayed for, and the demurrer was therefore properly sustained.

DRYDEN, Judge, delivered the opinion of the court.

This is a bill of injunction, brought in the name of the State of Missouri, at the relation of Connelly and others, to restrain the County Court of Platte county, as well from issuing bonds in payment of one hundred thousand dollars of stock, subscribed by said county to said railroad company on the 3d of January, 1860, as from levying and collecting a tax to pay said subscription or bonds. The ground of complaint, alleged in the bill, is that " the County Court, at the instance of the railroad company, by an order of said court, made a subscription of one hundred thousand dollars of stock to said railroad company, without causing an election to be held by the people of said county to ascertain as to whether such subscription should be made, or as to whether the same should be paid by issues of county bonds or taxation;" and that the court is *threatening* to issue bonds for the amount of the stock, and to levy and force the collection of a tax to pay said bonds. The defendants demurred, and assigned for cause, that the State was improperly made party plaintiff, and that the petition did not state facts sufficient to consti-

tute a cause of action; and that there was no equity in the bill. The court sustained the demurrer, and judgment was rendered for the defendants, from which the plaintiff appealed.

1. There is nothing in the petition which shows or pretends to show that the State of Missouri has any interest, legal or equitable, in the subject matter of the controversy; and the suit was therefore improperly brought, and cannot be maintained in the name of the State.

2. If the County Court should do all that the bill charges it has threatened to do—issue the bonds and levy and collect the tax—it does not appear that the injury to the tax-payers would be irreparable, or such as could not be redressed by action at law; and, unless it thus appears, it is not a case for equitable relief.

The bill is based upon the assumption that the vote of the people was an indispensable pre-requisite to the action of the court; that without such vote the County Court had no jurisdiction, and its action was a nullity. If this be true, then a sale of the tax-payer's property, under the proceedings, would not divest the owner of his title, (no other considerable injury could result to the relators,) and he could maintain his action at law for the property, or for damages for taking it. And so the bill contains no equity. (Sayre v. Tompkins, 23 Mo. 443.) The demurrer was well taken.

Let the judgment be affirmed; the other judges concurring.