### THE MUD CREEK DRAINING COMPANY *v.* THE STATE, EX REL. MARLEY ET AL.

CORPORATION.—*Information.*—An information against a corporation in its corporate name charging that it has not been legally organized, and pointing out certain supposed defects in its organization, and praying for the dissolution of its franchises, is bad for not being against certain persons claiming to be a corporation. It cannot be brought into court as a corporation to answer an allegation that it is not and never was a corporation. When a corporation is brought into court by its corporate name, its existence as such is admitted.

From the Miami Common Pleas.

*J. M. Brown, N. O. Ross,* and *R. P. Effinger,* for appellant.
*A. J. Davidson* and *J. R. Parmlee,* for appellees.

PETTIT, J.—This was an information brought by the appellees against the appellant, under the third and fourth subdivisions of section 749 of the code, 2 G. & H. 322–3, which read as follows: "Where any association or number of persons shall act within this State as a corporation, without being legally incorporated, or where any corporation do or omit acts which amount to a surrender or forfeiture of their rights and privileges as a corporation, or when they exercise powers not conferred by law." It is clear that these provisions relate, first, to persons who claim to exercise, or are exercising powers of a corporation without being legally incorporated; and, second, to corporations legally organized, that have done or omitted to do some act by which their corporate rights are forfeited.

The information in this case was in two paragraphs. The first charged that the corporation had not been legally organized, pointing out certain supposed defects in its organization; and the second charged a forfeiture of the corporate franchises for doing and omitting to do certain things, which it is claimed the corporation was bound to do or leave undone, to prevent a forfeiture of their corporate existence. Prayer for dissolution, and, investing the corporate franchises in the State, etc. There was a demurrer to the information, or complaint, in these words: "Said defendant demurs to the first and second paragraphs of plaintiffs' complaint, for the cause that neither of said paragraphs contains facts sufficient to constitute a cause of action." This demurrer was overruled, exception taken, and this ruling is assigned for error. The first paragraph was clearly bad. It is not against certain persons claiming to be a corporation, but against the corporation by its corporate name. It is brought into court as a corporation, to answer an allegation that it is not and never was a corporation. When a corporation is brought into court by its corporate name, its existence is thereby admitted. *The People* v. *The Rensselaer and Saratoga Railroad Company*, 2 American Railway Cases, 433, 445, and reported in 15 Wendell, 113. Chief Justice SAVAGE, in the

delivery of the opinion in that case, says: "If, therefore, the information in this case had for its object to oust the defendants from acting as a corporation, and to test the fact of their incorporation, it should have been against individuals; if the object was to effect the dissolution of a corporation which had an actual existence, or to oust such corporation of some franchise which it unlawfully exercised, then the information is correctly filed against the corporation." And the reason assigned is, that judgment of ouster is rendered against individuals for unlawfully assuming to be a corporation. And, while it is rendered against corporations for exercising a franchise not authorized by their charter, in such case, the corporation is ousted of such franchise, but not of being a corporation. And the Chief Justice continues: "When, therefore, an information is filed under the revised statutes against a corporation by its corporate name, the existence of the corporation is admitted; or rather, that it once had a legal existence."

In Angell & Ames Corporations, sec. 756, the following language is used: "If the affidavit of the relator charge the defendant as 'an incorporated bank,' and the information and subpœna are against the corporation, and the subsequent pleadings conform in this respect to the affidavit and process, it is too late to question the existence of the corporation, upon the ground of its non-performance of conditions precedent to its corporate existence, the State waiving the performance of such conditions through these acts and admissions of its own officers, or being estopped from asserting their non-performance. If such conditions are to be insisted on, the proceedings should be against the usurping individuals, and should not treat them as a corporation; since this last course would be to charge them in one character, and to proceed against them in another. In a proceeding against a corporation the question is one of forfeiture, not of existence."

We hold that the first paragraph of the complaint, or information, was bad, and that the demurrer to it was improperly

The Mud Creek Draining Co. *v.* The State, *ex rel.* Marley *et al.*

overruled, because it charges a corporation in its corporate name with not being legally organized, and does not charge that certain persons claim to be and are exercising the rights of a corporation, without having a legal existence as such corporation. *State, ex rel., etc.,* v. *Cincinnati Gas Light and Coke Company,* 18 Ohio St. 262.

The second paragraph of the information charges that for irregularities in doing and not doing certain acts, required by the statute, the corporation has forfeited its franchise and should be dissolved. Without deciding whether these two causes of action, one for not being incorporated, and the other for forfeiture of franchises, could be united, or whether, as the plaintiff could not maintain her action on the first paragraph, she may or can maintain it on the second, we hold that irregularity in doing or not doing (so far as complained of in this case) what is provided for in the act under which this corporation was formed, Acts 1869, p. 82, is cured and saved from being a cause of forfeiture by sec. 15 of the same act, a part of which reads as follows: "No informality, irregularity, or omission, which shall have occurred, or which may occur in the organization or proceedings of any company, or in the appointment or proceedings of any of their officers, agents, or the appraisers, shall affect the rights and privileges of such company, or invalidate the assessments of the appraisers." We have copied as much of the above section as applies to the objections raised in the information, there being no question raised as to the foreclosure or sale of land by virtue of the lien created by the assessments. The court below erred in overruling the demurrer to the second paragraph of the inforformation.

The judgment is reversed, at the costs of the relators, with instructions to the court below to sustain the demurrer to the whole information or complaint.