JOHN WEBSTER, APPELLANT, *v.* NATHANIEL A. TURNER AND OTHERS, RESPONDENTS.

*Corporation — sale of property of, and discontinuance of business of — dissolution of — estoppel.*

The plaintiff was a member of a corporation, organized to sell the milk of its stockholders, from its organization, in 1872, till October 21, 1874. On the latter day, at a meeting of the stockholders, it was unanimously agreed, the plaintiff voting by proxy, that all the property of the corporation, consisting of milk cans, etc., be sold to one W., who was to pay them $1,033.50 therefor on condition that they would furnish him milk, as they had promised to do to the corporation, until May 1, 1875, and subsequently a resolution was unanimously adopted declaring the corporation dissolved, and from that time it ceased to do business.

Plaintiff refused to deliver milk to W., and the latter refused to pay him his share of the $1,033.50. This action was commenced by the plaintiff to compel the directors of the corporation to call meetings and carry on business, and account to him for his share of the property.

*Held*, that the acts of the corporation constituted a surrender of its corporate rights and it no longer existed.

That, as the plaintiff refused to deliver the milk to W., as required by the agreement, he could not recover from him or the company his share of the property, he having voted by proxy in favor of the resolution.

APPEAL from a judgment, entered on the decision of the court at the Erie Special Term dismissing the complaint herein, with costs.

The action was brought by the plaintiff to compel the defendant the Erie County Co-operative Milk Association, of which the plaintiff was a member, to continue its corporate business and to compel the other defendants, as directors, to call meetings as required by the by-laws and charter of the corporation, and also for an account-

ing and the recovery by the plaintiff of the amount alleged to be due him.

The facts found by the court are substantially these : The association above named was a corporation organized in April, 1872, under the act entitled "An act for the incorporation of co-operative and industrial unions," passed 24th June, 1867, for the purpose of selling the milk and dairy products of the stockholders to the citizens of Buffalo, or elsewhere, as might be found most profitable. From the time of its organization till 21st October, 1874, the association carried on the business of selling the milk of its stockholders, having its principal office and place of business in Buffalo. The plaintiff was a stockholder from the time of its organization. On the 21st October, 1874, the association owned personal property consisting of milk cans, horses and wagons, etc. On that day, at a meeting of the stockholders, a proposition made by George P. Wilkins, one of the stockholders, to take all the property of the association and to pay the sum of $1,033.50 for the same, provided the stockholders would furnish him milk, as they were then obligated to furnish it to the association, till 1st May, 1875, for which he was to pay certain specified prices, was accepted by a unanimous vote of all the stockholders present, and those who were absent subsequently concurred in the same. The meeting also unanimously adopted a resolution declaring the association dissolved. The plaintiff voted for both propositions by proxy. The sale was made accordingly, the price was paid, except as hereinafter stated, and the association since that time has done no business and held no meeting. It owed no debts at the time. After the sale was consummated the plaintiff and one other stockholder refused to furnish milk to Wilkins, as proposed, and Wilkins, for that reason, declined to pay their shares of the purchase-price, being the sum of twenty-six dollars and fifty cents each. The remainder of the purchase-price was paid as agreed and was distributed among the other stockholders, all of whom furnished milk as proposed. The court decided that the complaint should be dismissed on the merits, with costs.

*Thomas Corlett*, for the appellant.

*Day & Romer*, for the respondents.

SMITH, J. :

The court, at Special Term, found that the corporation, with the consent and approval of all its stockholders, including the plaintiff, sold its entire property and effects, with the intent and for the purpose of discontinuing the business of the association; that it then, by resolution, declared itself dissolved; that it has done no business and held no meeting since that time, and that it was not, at that time, owing any debts. According to numerous authorities, these acts, having the effect to destroy the end and object for which the corporation was created, were equivalent to a surrender of its corporate rights. (*Slee* v. *Bloom*, 19 Johns., 456; *People* v. *Bank of Hudson*, 6 Cow., 217; *Briggs* v. *Penniman*, 8 id., 387; *Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend., 473; *Bradt* v. *Benedict*, 17 N. Y., 93.)

The fact that the resolutions authorizing the sale and declaring the corporation dissolved were adopted by the stockholders, and not by the directors, does not impair their force, as an act of surrender. The directors had no authority to surrender the charter and dissolve the corporation.

The sale of the property of the corporation is found by the court to have been made in good faith. The fact that the purchaser was one of the stockholders and directors of the corporation does not necessarily render the sale void. Although it would be voidable, as to creditors of the corporation, or stockholders not assenting to the sale, it is valid, in the absence of fraud, as to the stockholders who gave their assent. The record shows that the plaintiff voted for it by proxy.

By the terms of the resolution authorizing the sale, the stockholders who voted for it, agreed with the purchaser to deliver milk to him as therein stipulated, as a condition precedent to the obligation of the purchaser to pay the agreed price for the corporate property. The plaintiff having broken his agreement in that respect, has thereby forfeited his right to share in the avails of the sale, and has no claim therefore against the purchaser or the corporation.

The judgment dismissing the complaint should be affirmed, with costs.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Judgment affirmed with costs.