|No. 6,283.—In Bank.]

# PEOPLE, BY THE ATTORNEY-GENERAL, v. ADOLPH PFISTER ET AL.

CORPORATION—QUO WARRANTO—FRANCHISE.—A corporation organized prior to the adoption of the Codes, having continued its existence under the Codes, becomes a Code corporation, and may extend the term of its existence, in conformity with Codes, beyond the original period of its existence.

ID.—ID.—ID.—TURNPIKE—TOLLS.—ROSS, J., dissenting, was of the opinion that a turnpike road company, by reorganizing under the Codes, and extending its existence, cannot prolong its right to collect tolls beyond the period originally limited for its existence.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Twentieth District Court, Santa Clara County. BELDEN, J.

The complaint states that among the franchises exercised by the defendants was the following: To own and possess a certain highway, and to collect tolls thereon.

*L. Archer*, for Appellant.

*Houghton & Reynolds*, for Respondent.

SHARPSTEIN, J.:

The complaint states that the defendants, "falsely claiming and pretending that there exists at the present time, and has existed for more than five years last past, in the State of California, a valid, legal, and subsisting corporation, formed and organized under and by virtue of the laws, statutes, and Codes of the State of California, under the style and name of 'The Santa Cruz Gap Turnpike Joint Stock Company,' have unlawfully held and exercised, and still do at the time of filing this complaint exercise and claim and hold unlawfully and wrongfully, divers powers, privileges, and franchises usually pertaining to such corporations when legally organized and existing, and held and exercised by officers thereof."

And it further states that said "company never at any time legally existed as a corporation or body politic, and that if it did ever so exist, and was a corporation at any time, its full term of existence expired, and it ceased to be a subsisting corporation, on the 11th day of November, A. D. 1877." Upon these and other allegations to which it is unnecessary to refer, the plaintiff demands judgment that the defendants have usurped franchises, etc., and that they be prohibited from the further exercise of said franchise, etc. The defendants in their answer deny all the material allegations of the complaint, and the findings and judgment of the Court are in their favor.

Among other things, the Court found that on the 16th day of November, 1857, the corporation of which the defendants claim to be officers became duly incorporated. That in November, 1876, said corporation reincorporated, and duly filed its certificate thereof in the office of the clerk of said county of Santa Clara, and a certified copy in the office of the Secretary of State. Afterwards, in December, 1876, the stockholders of said corporation took the necessary steps to extend their corporate existence for the period of fifty years.

This corporation existed on the first day of January, 1873, and was formed under the laws of this State, and therefore might elect to continue its existence under the provisions of the Code. (Civ. Code, § 287.) Having done so, it was after that a Code corporation, and its certificate of incorporation was prop-

erly filed in the office of the clerk of the county where the original articles of incorporation were filed. The certificate which it was required to file for the purpose of extending the term of its corporate existence was filed in the same office. It seems to us that the requirements of the law were complied with in this respect. The denial of the right of the corporation to collect tolls is based in the complaint exclusively upon the ground that no such corporation exists. If it exists, it has a right to collect such tolls as the Board of Supervisors may authorize it to collect. Whether it is collecting more than it is authorized to collect, is a question which does not arise upon the record before us.

Judgment and order affirmed.

MORRISON, C. J., THORNTON, J., MYRICK, J., and McKINSTRY, J., concurred.

ROSS, J., dissenting:

I dissent. Conceding the validity of the proceedings taken by the " Santa Cruz Gap Turnpike Joint Stock Company," under the provisions of the Code, for the purpose of prolonging its existence, the extension of its existence as a corporation did not, in my opinion, carry with it the right to collect any tolls beyond the period of twenty years from the date of its original organization, at the expiration of which period, according to the law applicable to its original organization, the road in question was to become a free public highway.