77 360
85 244

77 360
97 277
77 360
117 117

77 360
121 529

77 360
126 302

[No. 9733.  In Bank.—November 21, 1888.]

THE PEOPLE EX REL. ATTORNEY-GENERAL, RESPONDENT, v. LELAND STANFORD ET AL., APPELLANTS.

QUO WARRANTO—FORFEITURE OF CORPORATE FRANCHISE—ALLEGATION OF CORPORATE EXISTENCE.—In an action to enforce the forfeiture of a corporate franchise on account of non-user and misuser, the complaint must specifically allege that the defendant has a legal existence as a corporation.

ID.—USURPATION OF CORPORATE FRANCHISE—PROPER PARTIES DEFENDANT—ADMISSION OF CORPORATE EXISTENCE.—In an action under the code to have it determined that certain persons are unlawfully claiming to be and are exercising the functions of a private corporation which never had an existence, the persons usurping the franchise are the only proper defendants.  If the corporation be made a defendant as such, its corporate existence is admitted.

ID.—DENIAL OF USURPATION OF FRANCHISE.—In such an action, an answer which denies that the individual defendants are claiming or exercising the corporate franchise states a complete defense as to them.

ID.—CESSATION OF CORPORATE EXISTENCE—INEFFECTUAL ORGANIZATION OF CORPORATION—PLEADING.—Where the alleged usurpation of the franchise is claimed to result from the fact that the corporation, having once existed, has ceased to exist, it is not sufficient to allege in the complaint that it has ceased to exist, but the facts showing the termination of its existence must be set forth.  And so if the claim be that the corporation is acting as such, but the proceedings under which it is acting are defective, the facts showing that it is so claiming to act, and the defects claimed to exist, must be specifically alleged.

ID.—CORPORATION MAY ACQUIRE FRANCHISE GRANTED TO INDIVIDUALS.—The constitutional provision that "corporations may be formed under general laws, but shall not be created by special act," does not prohibit the assignment of a franchise to a legally-organized corporation, by persons having the lawful right to exercise and transfer the same.

ID. —JUDGMENT DECREEING USURPATION OF FRANCHISE — NON-EXISTENCE OF CORPORATION MUST BE DETERMINED. — In an action to have it determined that certain persons are unlawfully claiming to be and are exercising the functions of a private corporation which never had an existence, a judgment decreeing that the plaintiff recover the powers and franchise exercised and claimed by the defendants, and enjoining them from exercising the same, will be reversed, where the question of the non-existence of the corporation is left wholly undetermined.

ID. — STATE WHEN NOT ESTOPPED TO MAINTAIN ACTION FOR FORFEITURE. — The state is not estopped from maintaining an action to enforce the forfeiture of the franchise of a street-railroad corporation on account of non-user, from the mere fact that in a prior action it had obtained a judgment against the company enjoining it from continuing to operate a portion of its road as it was built, on the ground that such portion of the road as constructed was a nuisance.

ID. — STATE WHEN NOT ESTOPPED TO DENY CORPORATE EXISTENCE OR FRANCHISE. — The state is not estopped from maintaining an action to have it determined that a corporation never acquired the franchise to build and operate a street-railroad within the limits of a municipal corporation, from the mere fact that in a prior action brought against the corporation as such, in which the existence of the corporation was not put in issue, it obtained a judgment requiring the corporation to abate a portion of its road on the ground that it was a public nuisance.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought by the people of the state of California, on the relation of the attorney-general, against Leland Stanford, Joseph L. Willcutt, Charles B. Gould, Charles Crocker, W. V. Huntington, and N. T. Smith, and the Potrero and Bay View Railroad Company, for the purpose of having it determined that said company had no legal existence as a corporation, and did not own or possess any right of way, franchise, or privilege over and upon certain streets in the city and county of San Francisco, and has no right to collect tolls from persons traveling on cars run thereon, and that the defendants have usurped and unlawfully exercised the offices, franchises, and privileges of a street-railroad over said streets. The defendants demurred to the complaint, but their demurrer was overruled. They thereupon filed an answer, to which a demurrer was interposed and sus-

tained, and thereupon final judgment was rendered in favor of the plaintiff. The nature of the pleadings and the further facts are stated in the opinion of the court.

*McAllister & Bergin,* for Appellants.

The demurrer to the complaint should have been sustained, as no facts are alleged showing that the corporation never did exist, or has ceased to have an existence. (*Dye* v. *Dye,* 11 Cal. 168; *Jerome* v. *Stebbins,* 14 Cal. 458; *Green* v. *Palmer,* 15 Cal. 414; 76 Am. Dec..492; *People* v. *Jackson,* 24 Cal. 632; *Moore* v. *Besse,* 30 Cal. 572.) The demurrer to the answer should have been overruled, as it shows that the acts of the plaintiffs, by reason of the prior action brought against the defendants, prevented them from performing the duty devolved upon them under the terms of the franchise, on the non-performance of which the complaint is based. (*United States* v. *Peck,* 102 U. S. 65; *Reese* v. *United States,* 9 Wall. 22; *Windsor* v. *McVeigh,* 93 U. S. 274; *Altschul* v. *Polack,* 55 Cal. 640; *State* v. *Taylor,* 28 La. Ann. 462; *Philadelphia and Wilmington* v. *Baltimore R. R. Co.,* 13 How. 307; *Hooker* v. *Hubbard,* 102 Mass. 241; *Lilley* v. *Adams,* 108 Mass. 52; *Commonwealth* v. *Andre,* 3 Pick. 225.)

*Attorney-General Marshall,* and *J. P. Meux,* for Respondent.

The complaint was sufficient, as the state can question both the existence of a corporation and the forfeiture of its franchise in the same action. (*People* v. *Pfister,* 57 Cal. 532; *People* v. *Lowden,* 7 West Coast Rep. 585.) It was not necessary to allege more fully than has been done the facts constituting a forfeiture, or showing that the defendants have not been clothed with the rights, privileges, and franchises of operating a street-railroad. (High on Extraordinary Legal Remedies, tit. Quo Warranto, 712–716; *State* v. *Harris,* 3 Ark. 570; 36 Am. Dec. 460; *People* v. *Bank of Niagara,* 6 Cow. 196; *People* v. *Rich-*

o

*ardson,* 4 Cow. 113; *People* v. *Riverside,* 66 Cal. 288; *People* v. *Clayton,* 11 Pac. Rep. 211; *People* v. *Utica Ins. Co.,* 15 Johns. 386; 8 Am. Dec. 243; *State* v. *Ashley,* 1 Ark. 279.)

WORKS, J.—This cause was decided in Department One, and a rehearing granted. It was held by the department that the second count of the complaint was bad, and that it was error to overrule the demurrer thereto. We adhere to this conclusion, and to that extent the opinion of the department is adopted as the opinion of the court.

There was also a demurrer to the first count of the complaint, which was overruled by the court below. It is urged upon us that this count of the complaint is bad, for the reason that conclusions are pleaded, and not the facts. The pleading is an anomaly. It sues the Potrero and Bay View Railroad Company as one of the defendants, and at the same time alleges that it is not a corporation. It alleges that the private individuals named as defendants, *and the Potrero and Bay View Railroad Company,* are falsely claiming that there is such a corporation, and that *they* have unlawfully held and exercised, and still do exercise, and claim, and hold unlawfully, divers powers, etc.

It is well settled that a corporation cannot be sued as such, and brought into court, and the action maintained against it on the ground that it is not a corporation. If it is intended to draw in question the franchises of the corporation, the proceeding must be against the individuals who usurp the franchise. If it is claimed that the corporation is usurping privileges and powers not belonging to it, the corporation is the proper and only proper party. (Angell and Ames on Corporations, sec. 756; Boone on Corporations, secs. 162, 163; *State of Ohio* v. *Cincinnati Gaslight and Coke Co.,* 18 Ohio St. 262; *People* v. *Rensselaer etc. R. R. Co.,* 15 Wend. 113; *Mud Creek*

*Draining Co.* v. *State*, 43 Ind. 236.) By making the corporation a party, it is admitted that it once had an existence. (Angell and Ames on Corporations, sec. 756.)

In *Mud Creek Draining Co.* v. *State, supra,* the court says: "This first paragraph was clearly bad. It is not against certain persons claiming to be a corporation, but against the corporation by its corporate name. It is brought into court as a corporation, to answer an allegation that it is not and never was a corporation. When a corporation is brought into court by its corporate name, its existence is thereby admitted."

In this case, the corporation being made a party, its existence is admitted. It must follow, therefore, that there is no cause of action stated as against it. But there are other defendants sued jointly with it, and charged with having *jointly with such corporation* usurped the rights of a corporation, etc. There is no question made in the record or in the briefs as to the misjoinder of these parties. But we are clear that the people cannot bring both a corporation and the individuals who compose it before the court, by information in the nature of *quo warranto,* and claim the non-existence of the corporation thus brought before the court, and that the other defendants, jointly with it, are claiming to be and exercise the rights and privileges of such corporation. To permit such a course would be subversive of all rules of pleading. If we are right in the position taken, that by suing the corporation as such its existence is admitted, this is an end of the matter so far as this count of the complaint is concerned, for the reason that the whole force of its allegations, as against the individual defendants, rests upon the sole ground that no such corporation exists.

If the complaint can be defended on the ground that it admits that such a corporation once existed, but has ceased to exist, it is open to the objection made to it that it does not state the facts showing how and by what means it has ceased to exist. We are of the opinion that

it would be sufficient, in an action against individuals charging that they are wrongfully claiming to act as a corporation, to allege, in general terms, that there never was such a corporation. In such case, the allegation that there never was such a corporation covers the whole ground. Nothing can be added to this general statement, which is itself an allegation of a fact. We are equally clear that where the existence of the corporation is expressly averred, or is admitted, it is not sufficient to allege that it has ceased to exist. The facts showing that its existence has terminated must be set forth. And if the claim is, that the corporation is acting as such, but the proceedings under which it is acting are defective, the facts showing that it is so claiming to act, and the defects claimed to exist, should be set out specifically.

Taking either view of the complaint, therefore, we must hold this count to be bad, and that the court below erred in overruling the demurrer to it.

There was an answer to the complaint, to which a demurrer was sustained. Notwithstanding what was said in the opinion in department, we are constrained to hold that this was error. The answer for each and all of the defendants jointly and severally and specifically denies that "the defendants, or any of them, claiming to be the said Potrero and Bay View Railroad Company, have for a long time, or do now, or at any time have unlawfully claimed, or unlawfully exercised, the franchises, powers, or privileges in said city and county in this behalf in said complaint alleged, or any franchise, power, or privilege." The other material allegations of the complaint are denied in like manner. It is urged that in an action of this kind, it is not enough for the defendants to deny the allegations of the complaint, for the reason that the writ requires them to show affirmatively *by what right they are exercising the franchises,* and so it is held in department. This is true where it is admitted, or not denied, that they are exercising the rights and

privileges alleged, and they attempt to establish their right to do so.   (High on Extraordinary Legal Remedies, 712, 716.)

But the defendants, whether it is the corporation or individuals who are alleged to be wrongfully claimi ig to be such, may, instead of justifying their claim, deny that they are making such claim and exercising the rights and privileges alleged.   It is certainly not necessary to justify their right to lay down and operate a rai road when they deny specifically that they are doing any such thing.

The authorities cited in the former opinion are t) the effect that the people are not bound to prove anything, where the defendants attempt to justify their right or disclaim.   (Dillon on Municipal Corporations, 3d ed., sec. 893;  and Angell and Ames on Corporations, sec. 756.)

But these authorities are only applicable where it is admitted, or not denied, that the defendants are exerc: sing the franchises, and the question is as to the *right* to exercise them.  That is not the case here.  The issue presented is not one of the *right* to exercise a franchise, but whether *it is being exercised.*  The impropriety of attempting to join the corporation and the individuals alleged to be acting as such in the same action is thus made manifest.   It is impossible that both could be doing the acts alleged.  That the individual defendants are in the wrong, as alleged, can only be established *by showing that there is no such corporation;* and if the corporation does exist, and *is itself exercising the franchises complained of,* the individuals charged may truthfully, and with perfect propriety, deny that *they* are exercising such franchises; and such a denial, it seems to us, is a complete defense to the action as to them.   In this case they not only deny that they, as individuals, are doing the acts or exercising the privileges set forth in the complaint, but allege affirmatively that "the Potrero and Bay View Railroad Com-

pany was, and is, a corporation duly organized and acting under the laws of the state of California, and lawfully entitled to own, maintain, and operate its line of street-railroad along and upon the several streets, highways, and roads in said complaint alleged, and in so doing to demand and receive fares and tolls in money from all persons and people who may pass over the same, over the cars of said Potrero and Bay View Railroad Company."

The answer goes further than is necessary to meet the first count of the complaint. The individual defendants are the only ones against whom it can be claimed any cause of action is stated. They meet the whole of this cause of action by denying that they are or have been doing the acts complained of. They go a step further, and allege that some one else, viz., the Potrero and Bay View Railroad Company, *is* doing the acts set forth in the complaint, and that it has the right so to do. This latter allegation may properly be treated as mere surplusage, and the answer still contains a complete defense to the action. If we are right in the conclusion reached, that a general averment that no such corporation exists is sufficient, it must follow necessarily that a denial, in the same general form, is likewise sufficient.

It is clear that in the opinion of the department the first count of the complaint was understood to be against the railroad company, as an existing corporation, on the ground that it was exercising the privileges set forth without right. It is said: "The first count of the complaint alleged that the Potrero and Bay View Railroad Company never had the right or franchise to build and maintain tracks and run cars upon streets within the city and county of San Francisco, and the answer fails to aver facts showing that the company had such rights or franchises."

We cannot so construe this count of the complaint. As we have said, it does not claim to recover on the

ground that the corporation is usurping franchises or
privileges not belonging to it; but on the contrary, avers
in direct terms that there is no such corporation and
that the individuals named are claiming to be such cor-
poration.   This being true, we are of the opinion that
the cases cited by counsel for respondent to support
their contention that a denial is not enough, but facts
must be alleged showing a right to exercise the privi-
leges claimed to be usurped, are not controlling.

The case of *People* v. *Pfister*, 57 Cal. 532, was one in
which it was alleged that the corporation "never at any
time legally existed as a corporation, and that if it ever
did so exist and was a corporation at any time, its full
term of existence expired, and it ceased to be a subsist-
ing corporation on the eleventh day of November, 1887."
The answer in the case was a "denial of all the material
allegations of the complaint."

No question seems to have been raised as to the form
of either the complaint or answer.   Certainly no such
question is decided by the court.

In the case of *People* v. *Lowden*, 8 Pac. Rep. 66, the
complaint alleged specifically the facts showing the
illegality of the corporation.   It was held that the facts
stated must be specifically denied, and the denial of the
legal conclusions drawn from the facts was insufficient.

*People* v. *Clayton*, 11 Pac. Rep. 206, was an informa-
tion to contest the right of the defendant to hold a
territorial office in Utah.   It was held sufficient to allege
generally in the complaint that the defendant "holds
and exercises the functions of the office without author-
ity of law therefor," and that such averment cast upon
the defendant the burden of pleading and proving his
title to the office.

We do not question the correctness of these cases, but
do not regard them as in any way antagonistic to the
views we have expressed.

In the case of *People* v. *Riverside*, 66 Cal. 288, it was

alleged that the defendant was usurping the franchise to
be a corporation.   It was urged on the part of defendant
that the allegation that it was never incorporated was
equivalent to an allegation that it never existed, and
therefore no action could be maintained against it.   The
court says: "The argument is not devoid of logical force,
and unless the action given by the code differs in this
respect from that which existed at common law, the
weight of authority is doubtless on that side; for it has
been held in England and in this country that an in-
formation for usurping the franchise *to be* a corporation
should be *against the particular person guilty of the usurpa-
tion* (*Rex* v. *Cusacke*, 2 Rolle, 113; *People* v. *Richardson*, 4
Cow. 109); and it was held that *quo warranto* would not
lie against one claiming office under a corporation which
had no existence.   But in New York and Minnesota,
under statutes not materially different from our code in
this respect, it has been held that the statutory action
would lie against one usurping a town or county office,
although no such town or county as the one in which it
was charged the office was usurped existed.   (*People* v.
*Carpenter*, 24 N. Y. 86; *State* v. *Parker*, 25 Minn. 215.)

"An allegation that a person had usurped the office
of supervisor of the county of A would be inconsistent
with one that there was no county of A.   And since a
city cannot exist in this state without incorporation, it
is equally inconsistent to sue one as a corporation, and
at the same time deny its existence as a corporation.
But for this there is a precedent (*People* v. *Nevada*, 6 Cal.
143); *and as no substantial right of any one can be preju-
diced by following it,* we think no good would result from
not doing so; particularly as the object of the code will
be effected, and justice promoted thereby."

The opinion shows great doubt in the mind of the
court as to the correctness of the rule laid down.   No
reason is given for the statement that the code changes
the common law in respect to the proper mode of plead-

ing, and we see none. That case differs from this, however. It was an action to determine the validity of certain proceedings to incorporate the city of Riverside, and the particulars in which those proceedings were invalid were specifically set forth. It would seem to be proper in such case that the defendant, claiming to be a city under such proceedings, and acting thereunder as such, should be made a party in an action to determine the validity thereof. (Boone on Corporations, sec. 162.)

In such a proceeding the trustees of the city could not be sued, as there could be no trustees if there were no city, and no individuals could be made parties as claiming to be a corporation. In case of a private corporation, the rule must be entirely different. If no corporation exists, the parties who are claiming to be such can be proceeded against. That such is the only proper course where, as in this case, it is claimed that certain persons are unlawfully claiming to be and are exercising the functions of a private corporation which never had an existence, the authorities are, so far as we know, agreed, and such we believe to be the proper rule.

In *People* v. *Flint,* 64 Cal. 49, this court held that in a proceeding of this kind the corporation was the proper defendant. But there the facts were set forth showing that the defendant was a *de facto* corporation acting under articles of incorporation, which were claimed and held by the court to be defective. The court, after holding that the corporation was a necessary party, says: "It is well to say, to prevent any misconception, that if on a new trial, after the alleged corporation had been made a party, it should be adjudged that it never had been legally a corporation, that in that case appropriate proceedings should be had, by which the affairs of such *de facto* corporation should be wound up and settled by the trustees."

The statute of limitations is pleaded by way of answer, and a demurrer thereto was sustained by the court be-

low. This, it is claimed, was error, but as the case must be reversed on other grounds, and the pleadings be amended, we express no opinion on the question.

As to the other questions arising upon the answer, they relate to the special answer to the second count of the complaint, which count of the complaint was held in the former opinion to be bad. We adhere to that opinion so far as it relates to these questions, except so far as it holds that a duly organized corporation cannot take an assignment from its lawful owners of a franchise to lay down and maintain a street-railroad. This is based upon the constitutional provision that "corporations may be formed under general laws, but shall not be created by special act." (Art. 4, sec. 31.) This provision applies to the formation or creation of corporations, and to the powers directly conferred upon them by legislative enactment, and cannot, in our judgment, be construed as prohibiting the assignment of a franchise to a legally organized corporation by persons having the lawful right to exercise and transfer the same.

If we look to the judgment rendered in this case, it is apparent that it is founded upon the second count of the complaint, which was held by the department to be bad.

It does not decree that there is or was no such corporation as the Potrero and Bay View Railroad Company, nor that the said corporation or the other defendants are usurping the right *to be* such corporation, but simply decrees that the plaintiff "recover of the defendants the said rights, powers, and franchises by them the said defendants exercised and claimed, viz., of constructing, maintaining, and operating an iron railroad, commonly called and known as a street-railroad, along and upon certain of the streets, roads, and highways, to wit"; describing the route, and the defendants are enjoined from exercising said franchises.

We are **of the opinion that** upon the decision of the **department** that the second count of the complaint was

bad, the judgment of the court below should have been reversed, for the reason that the judgment cannot be supported by the first count. The sole ground upon which the first count is based, viz., the non-existence o ' the corporation, is left wholly undetermined by the judgment.

The judgment appealed from is reversed, and the ause remanded.

Sharpstein, J., McFarland, J., Paterson, J., and Searls, C. J., concurred.

The following is the opinion of Department One above referred to, rendered on the 30th of April, 1888:—

McKinstry, J.—Defendants' demurrer to the complaint, and to each count thereof, was overruled.

It is contended by appellants (defendants) tha the attorney-general had no power to institute or pros cute the action. It is unnecessary here to decide whether the attorney-general has power to institute an actio1 on behalf of the state or people of the state, in the absence of a statute authorizing it. An action may be bro1ght by the attorney-general for the usupation of an offic e or franchise. (Code Civ. Proc., sec. 803.) An inquiry as to the right of a corporation, doing business as such, to exercise corporate powers, may be made at the suit o ' the state on the information of the attorney-general. (Civ. Code, sec. 358.)

As to the demurrer to the second count of the complaint, which avers that if the Potrero and Bay View Railroad Company "ever had any legal existence" as a corporation, the same became forfeited and ceasel to exist by reason of acts and omissions of the said "pretended corporation," scire facias, which would seer1 to have been the more usual proceeding where a lef;ally existing body had abused the powers and franchise i intrusted to them, is abolished. (Code Civ. Proc., sec. £02.)

"It would seem, however, that an information in the nature of *quo warranto* would lie against a legally existing corporation for an abuse of its franchises." (Angell and Ames on Corporations, 778; 1 Bla. Com. 485; Kyd on Corporations, 474–486.) A private corporation created by the legislature may lose its franchises by a misuser or non-user of them; and they may be resumed by the government under a judgment upon a *quo warranto* to ascertain and enforce the forfeiture. (*Terrett* v. *Taylor*, 9 Cranch, 51.) A corporation may be dissolved by a forfeiture of its charter judicially ascertained and declared. Its being as a corporation may be declared to be ended; because it is a tacit condition of a grant of incorporation that the grantees shall act up to the end and design for which they were incorporated. The sovereign power has at all times the right to inquire into the matter of the user of a franchise or the title by which it is held. (Angell and Ames on Corporations, 774; High on Extraordinary Legal Remedies, 472.)

In the second count of the complaint herein, it is alleged that by reason of the acts and omissions of the Potrero and Bay View Railroad Company, if the said company ever had, as a corporation, "any legal existence, right, privilege, or franchise," etc., "the same became forfeited," etc. The plaintiffs pray, among other things, that it be adjudged the said pretended corporation has no legal existence, and if the second count alleges a cause of action, such a judgment would operate as well a forfeiture of corporate rights, by reason of the misusers and non-users averred, as a judgment that the corporation never had a legal existence.

The defendants did not demur on the ground of a misjoinder of causes of action. But each count of a complaint must contain a distinct statement of the facts constituting a cause of action. Unless the second count alleges that the Potrero and Bay View Railroad Company once had a legal existence as a corporation, the

second count fails to state a cause of action. There could be no resumption by the state or forfeiture of franchises never granted. It is manifest that if the plaintiffs failed to allege that the company referred to had a legal existence as a corporation, there could be no necessity or basis for, nor any propriety in, a judgment of forfeiture. When facts alleged depend for their materiality as a basis for relief upon another fact, the fact upon which the others depend must be stated. To state it hypothetically is not to state it at all for any purpose of a pleading.

Where a corporation may be chartered by special act of the legislature, it has been held in one state to be necessary that the information (a forfeiture by reason of misuser or non-user being claimed) shall refer to the act by which the corporation was chartered, in order that the court may determine what things it was authorized to do or omit. (*Daniel* v. *State*, 16 Ind. 456.) In California it is certainly enough to aver the existence and due organization of the corporation under the general laws. But the second count does not even aver that the Potrero and Bay View Railroad Company is or was a corporation.

It may be the acts and omissions set forth in the second count might be *proved* under the averments of the first count; that under the averments of the first count the plaintiffs would have been authorized to prove that the defendants had no legal right to the franchises described when the action was commenced. (See *People* v. *Bank of Hudson,* 6 Cow. 217.) However this may be, the second count of the complaint herein does not state a cause of action. It is alleged in the second count that the "acts and doings of said corporation, and the said defendants acting for said corporation as said pretended officers," were the acts and doings subjecting the franchises of the corporation to forfeiture. There is no statement that the defendants were not real officers or agents

if there was a real corporation. They are called "pretended" officers, because they could not be real officers of a corporation which had no legal existence. This is evidently the scope and effect of the allegation in that regard. Yet, in order to make the facts averred, as constituting a ground for a judgment of forfeiture, of any avail, it would have to be taken for granted (although not alleged) that the Potrero and Bay View Railroad Company was, previous to the acts and doings alleged, a legally existing corporation. And if the individual defendants were the officers and agents of a legally existing corporation, their acts and doings were those of such corporation.

The demurrer to the second count of the complaint should have been sustained.

It is insisted on the part of the appellants that the demurrer to the first count of the complaint should have been sustained by the court below; that the rules of pleading applicable to other civil actions, under the Code of Civil Procedure, obtain with respect to this action, and that the complaint should therefore have specified what the Potrero and Bay View Railroad Company failed to do which was necessary to create a legal corporation, wherein it omitted any requirement of the laws. This, because in every case the plaintiff is required to state the facts constituting his cause of action "in ordinary and concise language."

It is obvious that the facts which it is necessary to state depend upon the character of the action. In an action to quiet title, under the code, it has been held not to be necessary to aver the nature and particulars of the claim asserted by the defendant; nor is it always necessary in a bill to foreclose a mortgage to aver the precise nature of a claim to a lien or encumbrance averred to be subsequent and subject to the mortgage.

The constitution of 1849, in force when the Code of Civil Procedure was adopted, did not give the district

courts express power to issue writs of *quo warranto.* Section 802 of the Code of Civil Procedure, as the same read originally, provided: "The writ of *scire facias*, the writ of *quo warranto*, and informations in the nature of *quo warranto*, are abolished," etc. Section 5 of article 6 of the constitution of 1879 declares that the superior courts shall have power to issue writs of *quo warranto*, and that constitution does not prohibit the legislature from providing for actions or informations or proceedings in the nature of *quo warranto.*

Informations in the nature of *quo warranto* existed at the common law. In England informations in the nature of *quo warranto* were filed by the attorney-general, or by the king's coroner, of his own authority; afterward by the king's coroner, under the direction of the court of king's bench,—the last under statutes 4 and 5 William and Mary, chapter 18. Still later, in certain cases, by leave of the court, in pursuance of the statute of Anne, chapter 20. The statute of Anne introduced a more convenient mode of proceedings to inquire into a usurpation of or intrusion into certain enumerated offices and franchises. (Angell and Ames on Corporations, 731, 732, 735.)

The chapter of the Code of Civil Procedure relating to actions for usurpation of an office or franchise provides in effect for an information in the nature of *quo warranto*, the remedy or proceeding being extended to usurpations of or intrusions into *any* office or franchise. We think the statute constitutional. In the first place, it may be considered as a mode of procedure for the exercise of the jurisdiction in *quo warranto* conferred by the constitution. (*State v. Merry*, 2 Mo. 278.) In the next place, it is an action, and the legislature is not prohibited by the constitution from providing for such an action.

We are of opinion the first count of the complaint states facts constituting a cause of action. Franchises

are privileges of the sovereign in the hands of a subject. The state is the source from whence all franchises are derived. As against the state, there is no presumption that citizens exercising a franchise are exercising it rightfully. Hence, it is not necessary, in a proceeding of this character, for the people to allege wherein the right of a defendant is defective. Even if it were conceded that, under our law, a franchise can be acquired by prescription, it would still be for the defendant to a proceeding like the present to allege and prove the long-continued use. "While in ordinary civil actions the burden rests upon the plaintiff to allege and prove his title to the thing in controversy, the rule is reversed in cases of *quo warranto* informations, and the respondent is required to disclose his title to the office or franchise in controversy, and if he fails in any particular to show a complete title, judgment must go against him." "The proper course for the respondent is either to disclaim or justify. . . . . If he seeks to justify, he must set out his title specially and distinctly." (High on Extraordinary Legal Remedies, 712, 716.)

The defendant cannot plead *non usurpavit,* for the object of the proceeding is to compel him to set forth by what warrant or authority he exercises the office or franchise. (Angell and Ames on Corporations, 756; 2 Dillon on Municipal Corporations, 3d ed., 893.)

The demurrer to the first count of the complaint was properly overruled.

The court below sustained a demurrer to the defendants' answer.

The defendants pleaded as a defense that the cause of action set up in the first count of the complaint was barred by sections 338 and 343 of the Code of Civil Procedure. If the proceeding were simply one in which a forfeiture were sought by reason of the misuse or non-use of its powers by a corporation, the statute of limitations might be pleaded in bar. (Code Civ. Proc., sec. 345.)

But the continued exercise of a franchise without right is a continuously renewed usurpation on which a new cause of action arises each day.

The answer avers that the Potrero and Bay View Railroad Company was and is a corporation, with the franchises mentioned, under the laws of California. This is a sufficient reference to the general laws under which such corporations may be formed. The courts take judicial notice of such general laws, and the cases in other states which seem to require that in an action like the present the defendant, claiming to be a corporation, shall allege the special act creating it as such, have no application here. The answer must show, however, that the corporation was organized in the manner required by the general laws. Here the defendants set forth in the answer the "articles of association," which seem to comply with the statute.

But did the corporation thus formed possess, when the suit was commenced, the franchises claimed by it herein ?

May 6, 1862, the act of 1861, to provide for the incorporation of railroad companies, was amended by providing that no railroad company thereafter organized should have the right to use any of the streets, lands, or waters within a city or city and county, unless the right to use the same should be granted to said company by a vote of two thirds of all the members of the board of supervisors or common council of the city and county or city.

The answer does not allege any such grant from the supervisors of the city and county of San Francisco.

The defendant, the Potrero and Bay View Railroad Company, claims the right to maintain a railroad, and to run cars thereon upon the streets described in the answer, to collect fare, etc., under and by virtue of the act of April 2, 1866, purporting to grant to certain persons (alleged to be assignors of the Potrero and Bay View

Company) the right to lay down and maintain an iron railroad along and upon certain streets; and upon acts amendatory thereof and supplemental thereto.   The act of 1866 was not a grant of a mere proprietary interest in lands, but was, if valid, a grant of a franchise.   The constitution of 1849 provided: "Corporations may be formed under general laws, but shall not be created by special act," etc.   (Art. 4, sec. 31.)   The true construction of that constitutional provision is, that private corporations must derive their powers from general laws, and not from special statutes.   (*San Francisco* v. *Spring Valley Water Works,* 48 Cal. 513.)   It follows that if the grant of the franchise of laying down and maintaining a railroad within the limits of San Francisco to certain persons therein named was a valid and operative grant, yet the defendant corporation acquired no right to the franchise by assignment from such persons.   To uphold such assignment would be to give to the particular corporation through it a franchise which other corporations of the same class could acquire only by grant from the supervisors, as provided in the general laws.   (*San Francisco* v. *Spring Valley Water Works, supra.*)

The answer fails to aver facts showing a right to exercise the franchises mentioned in the pleadings.

In a separate and distinct answer to "the supposed cause of action secondly alleged" in the complaint, the defendants aver in effect that on January 14, 1882, the people of the state did institute an action in this honorable (the superior) court against the defendant, the Potrero and Bay View Railroad Company, praying that the piles and bridge placed by said defendant at the point of intersection of Kentucky with Tulare streets be adjudged and declared to be a nuisance, and as such be abated; etc.; that the defendant appeared and answered to the complaint in said action, and such proceedings were therein afterward had that, on January 30, 1882, the court did adjudge, amongst other things, that the wooden

piles, timbers, and bridge, built under the control and use of the defendant, the Potrero and Bay View Railroad Company, at the junction aforesaid, are and constitute ("as now built") a public nuisance, and did further adjudge that the defendant without delay take away and remove said bridge, etc. The answer further alleges that the removal of the bridge, piles, etc., in obedience to the judgment aforesaid, constitutes the tearing up, destroying, and removing of portions of the track or roadway charged in the second count of the complaint.

If the answer had averred that the bridge at the intersection of Kentucky and Tulare streets could not be erected in such manner as that it would not constitute a public nuisance, the answer would have constituted a good answer to the portion of the second count of the complaint charging the tearing up of the track, etc., at the junction aforesaid, and the abandoning of the use thereof by the company. The people could not first prevent the employment of its franchise by the corporation, and then forfeit the corporate existence because of non-employment of that franchise. As we have seen, however, the second count of the complaint states no cause of action, and the answer last above referred to is addressed only to the second count.

The first count of the complaint alleged that the Potrero and Bay View Railroad Company never had the right or franchise to build and maintain tracks or run cars upon streets within the city and county of San Francisco, and the answer fails to aver facts showing that the company had such rights or franchises.

The argument of appellants goes further than a claim that plaintiffs herein are estopped from demanding a forfeiture of the franchises of the Potrero and Bay View Company because of its failure to do that which a court, on application of plaintiffs, has prohibited the company from doing. It will be observed that in the former

action the bridge was declared to be a nuisance "as it was built."

It is asserted that the plaintiffs are estopped from prosecuting the present action by the mere fact that they had succeeded in another action, brought against the Potrero and Bay View Railroad Company, as a corporation, in obtaining a judgment that the company had placed obstacles in a navigable stream which constituted a public nuisance.

There are cases in which a party to an action, having pleaded or relied upon the existence of a fact, and having secured to himself some substantial benefit by reason of an adjudication involving the existence of the fact pleaded or proved, cannot in a subsequent suit be permitted to assert that the same fact did not exist. To permit him to do so would be to encourage frauds upon the courts of justice. (*Lilley* v. *Adams,* 108 Mass. 50; *Hooker* v. *Hubbard,* 102 Mass. 239; *Philadelphia etc. R. R. Co.* v. *Howard,* 13 How. 307; *Reese* v. *United States,* 9 Wall. 13.)

And so a state may be estopped from asserting a claim in her courts by reason of some prior action of the legislature. (*Commonwealth* v. *Heirs of Andre,* 3 Pick. 224.)

In *State* v. *Taylor,* 28 La. Ann. 460, the plaintiff alleged that by the act No. 12, 1866, the governor, on the 6th of March of that year, leased to the defendant "the new canal and shell road" for fifteen years for an annual rent,—Taylor to put the leased property in good condition, etc.; that the lessee had not paid rent nor complied with the terms of his lease, etc., and had thereby forfeited his rights. The defendant alleged he had been released from the payment of rent by the act No. 118, of 1867, and a contract thereunder, and in lieu thereof, was to widen the canal, etc. The plaintiff responded that the act of 1867 was unconstitutional and void.

It appeared that in a previous action—*Case* v. *Taylor* (defendant in *State* v. *Taylor*)—the state intervened and

alleged that the rights of said Taylor, under the act of 1866, and the contract thereunder, had been materially modified and altered by the act No. 118 of 1867, asserted the binding force and operation of said act No. 118 of 1867, to protect the rights of the state in relation to said canal, etc., "and succeeded in her demand." The supreme court of Louisiana held the state, by reason of her conduct in the former action, was estopped from demanding that the act No. 118 of 1867 be declared invalid.

In the former action the state had obtained a judgment fixing the contract rights of the state and Taylor, and deciding that the contract and its terms were determined by reference to the act of 1867, the contract under it, and a subsequent act of 1870.

Whether the court was right in saying that the plea was not *res adjudicata*, but estoppel, it is not necessary to decide. The question here presented is not like that in *State* v. *Taylor*.

In the action brought by the people to abate the alleged nuisance, the Potrero and Bay View Railroad Company was named as a corporation. The company or persons interested did not deny that it was a corporation, and the plaintiffs took judgment against the defendant. So far as appears, the company was a corporation *de facto* and *de jure*. But it was a corporation which never acquired the right to erect bridges or lay down tracks, or maintain a railroad within the limits of San Francisco. If without having authority to erect a bridge at all, it built a bridge in such manner as to constitute a public nuisance, upon what principle does the prosecution of an action to abate the nuisance estop the plaintiffs from claiming that the corporation never acquired the franchise to build a road, including bridges, or operate cars thereon, within the limits of the city and county? In the former action the present plaintiffs did not declare, or obtain any advantage by having the court

adjudge, that the defendant, the Potrero and Bay View Railroad Company, was lawfully exercising the franchises described.

Judgment affirmed.

PATERSON, J., and TEMPLE, J., concurred.