State *ex rel.* Gilbert v. Union Investment Co. *et al.*

1. The name of the state as a party plaintiff is unauthorized in an action to enforce an individual right of a private person.

2. In an action under the statute to vacate a charter or annul the existence of a corporation, the action must be in the name of the state alone, as the real party in interest, and the offending corporation is the only proper party defendant.

(Syllabus by the Court.   Opinion filed May 11, 1895.)

Appeal from circuit court, Beadle county.   Hon. A. W. Campbell, Judge.

Proceedings by the state, on the relation of Henry C. Gilbert, against the Union Investment Company and another.   From a decree for defendants, plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*E. H. Aplin*, for appellant.

A written constitution is in every instance a limitation on the powers of government in the hands of its agents. Cooley's Constitutional Limitations, page 46. Idem 209.

*A. B. Melville,* for respondent.

Corporations can transact only such business as is contemplated by their charters. Leavitt v. Palmer, 3 Comstock 19; Talmage v. Pell, 3 Selden 328; Bissel v. Mich., 22 N. Y. 260; Pearce v. Railroad, 21 How. U. S. 442; Root v. Goddard, 3 McLean 102; Root v. Wallace, 4 McLean 8; McGregor v. Railroad, 16 L. and Eq. 180; Coleman v. Railroad, 10 Beavan 1; Angel and Ames on Corp. sec. 256. A corporation may, unless restrained by law, in its corporate name, purchase, take, hold and convey real estate and personal property. Wood's Field on Corporations, page 1; Boone on Corporations, sec. 37. A corporation is considered a citizen of the state that created it. 4 Amer. and Eng. Enc. of law, 206. The object of a constitution is to give effect to the intent of the people in adopting it, but this intent must be derived from the instrument itself. Cooly on Cons. Lim. 68; People v. Purdy, 2 Hill 35; State v. King, 44 Mo. 285. Where all of the legitimate lights for ascertaining the meaning of the constitution have been made use of, if doubt remains, then the doubtful restriction falls. Cooley's Cons. Lim. 888.

FULLER, J. This action, which is in the name of the state, on the relation of Henry C. Gilbert, was brought to quiet in said Gilbert the title to certain real property, by procuring the cancellation of a certain deed to said property, executed by the Union Investment Company, a nonresident corporation, on the 24th day of September, 1890, to the defendant Leonard H. Hole. There seems to have been no service of process or appearance upon the part of the defendant corporation, and, although the complaint states that said corporation is exercising franchises and privileges not conferred upon it by the laws of this state, it clearly appears that Henry C. Gilbert is the real and only party in interest, and the cancellation of the deed to Leonard H. Hole is the only relief

demanded in the complaint. Plaintiff appeals from an order sustaining a demurrer to his complaint, and from a judgment entered in favor of the defendants.

The name of the state as a party plaintiff in an action of this character is not contemplated by any provision of the statute, and could not, at common law, be used when the only object of the action was to enforce the private rights of individuals. State v. Keim, 8 Neb. 63; People v. Stratton, 25 Cal. 242; State v. Parkerville & G. R. R. Co., 32 Mo. 496; People v. Pacheco, 29 Cal. 210. Under section 5346 of the Compiled Laws, a civil action in the nature of *quo warranto* may be instituted in the name of the state by the state's attorney, on leave of the circuit court or judge thereof, for the purpose of vacating the charter or articles of incorporation, or for annulling the existence of a corporation, other than municipal, whenever such corporation shall exercise a franchise or privilege not conferred upon it by law; and, under section 5347, the court or judge may direct notice of an application for leave to bring the action in the name of the state to be given to the corporation or its officers, previous to granting such leave, and may hear the corporation in opposition thereto. Where it is claimed, in an action to vacate a charter or annul the existence of a corporation, that said corporation has exercised a franchise or privilege not conferred upon it by law, or has offended against or violated any constitutional provision or statutory requirement, the action must be in the name of the state alone, as the real party in interest, and the offending corporation is the real and only proper party defendant. Code Civ. Proc. c. 26; High, Extr. Rem. 689; Spel. Extr. Rel. 1834; People v. North Chicago Ry. Co., 88 Ill. 537; People v. Stanford, 77 Cal. 360, 18 Pac. 85, and 19 Pac. 693, and numerous cases cited at page 363, 77 Cal. and page 694, 19 Pac.

From the allegations of the complaint, it appears that on the 13th day of December, 1889, the Middlesex Banking Company, for a valuable consideration, sold and conveyed to the Union Investment Company the real property in controversy, and that on the 24th day

of September, 1890, said Union Investment Company conveyed for a valuable consideration, said property to the defendant Hole; that after the execution and delivery of the deed by the Middlesex Banking Company to the Union Investment Company, and five days prior to the sale and transfer of the premises by the Union Investment Company to the defendant Hole, said Middlesex Banking Company, by deed in proper form, duly executed and acknowledged, conveyed said property to the relator, Henry C. Gilbert; and it is alleged that said Gilbert is now the fee-simple owner thereof. The allegation that the Union Investment Company, by purchasing the land in controversy for the purpose of speculation, exercised a franchise and privilege not conferred upon it by law, is the only averment differing from the complaint in Gilbert v. Hole, 2 S. D. 164, 49 N. W. 1; and in that case, as in this action, plaintiff sought, under section 7, art. 17, of the constitution, to defeat the deed from the Union Investment Company to the defendant Hole, and to procure a judgment and decree quieting the title to the land in plaintiff. The order of the trial court sustaining a demurrer to the complaint in the former case was affirmed on appeal, and the reasoning of that opinion which led to the decision is clearly applicable to and is decisive of the case now before us, and the order sustaining the demurrer interposed by the defendant Hole must, for the reasons therein specified, be affirmed. The judgment entered upon demurrer in favor of the defendant, and against the plaintiff, construed only as a judgment of dismissal and for costs, is hereby affirmed.